UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HEIDI K. ERICKSON, Plaintiff, | ) | |
| v. | ) | C.A. No. 04-10629-DPW |
| DANIEL WUENSCHEL, et al. Defendants. | ) | |

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, the motion for a temporary restraining order is denied.

FACTS

On March 31, 2004, plaintiff Heidi Erickson filed an application to proceed in forma pauperis; a complaint; a verified motion for a temporary restraining order; a request for a preliminary injunction; a request for oral argument; and a memorandum of law.

The gravamen of plaintiff's complaint is that she is the recipient of a Section 8 housing voucher and that the defendants, two housing authorities and their employees,[1] have frustrated her efforts to obtain housing by advising prospective landlords not to lease to her and by refusing to "suspend" the expiration date of her voucher while considering her various requests for approval of the prospective leases. Complaint p. 1-6. She contends that she has

[1] Erickson names (1) the Executive Director of the Cambridge Housing Authority ("CHA"); (2) the Leasing Director of the CHA; (3) the Executive Director of the Resources for Communities and People ("RCAP"); (4) the Director of Rental Assistance at RCAP; (5) the Program Representative of RCAP and (6) RCAP itself.

been informed that her current housing voucher has expired and that she needs this voucher to pay her April 2004 rent, which apparently is due on April 1, 2004. Motion for Temporary Restraining Order ¶ 1. Erickson claims that without a valid voucher she will be "subjected to eviction, homelessness, and the loss of protections guaranteed by the Constitution." Id. She seeks an order restraining the defendants from denying her participation in the voucher program or compelling them to continue her in the program. Id. at ¶ 4.

Erickson alleges that she has sought relief concerning the alleged actions of defendants in three Massachusetts state courts as well as with the Massachusetts Commission Against Discrimination (MCAD). Compl. p. 4 (describing action in Suffolk Superior Court and filing of two complaint with MCAD); p. 5 (describing action in Worcester Superior Court); and p. 6 (describing action in Middlesex Superior Court).

## ANALYSIS

### I. The Standard for Issuing A Temporary Restraining Order

A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that her injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the

motion. Fed. R. Civ. P. 65(b).[2] The applicant must also certify the efforts, if any, which have been made to give that notice and the reasons supporting the claim that notice should not be required. Id.

A party seeking a temporary restraining order also must demonstrate (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) that the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); accord Latin Am. Music Co. v. Cardenas Fernandez & Assoc., Inc. No. 00-1443, 2001 WL 196742, at *1 n. 2 (1st Cir. Feb. 23, 2001) (same); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).

A. Failure to Certify Efforts to Notify the Defendants

---

[2]Rule 65(b) states that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

As an initial matter, plaintiff's request for injunctive relief fails because plaintiff has not certified her efforts to notify defendants of this motion, a requirement of minimum due process.[3] Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties). However, because Erickson is proceeding pro se, I have considered her claims and I deny her motion for temporary injunctive relief because she has not sufficiently demonstrated a likelihood of success on the merits or irreparable harm.

B. Likelihood of Success

Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is

[3]Erickson has attached an unsigned affidavit as Exhibit 4 to her memorandum of law in which she describes her efforts to meet with the CHA prior to filing her motion for injunctive relief in Middlesex Superior Court, not this Court. Cf. Quiles v. Sikorsky Aircraft, 84 F. Supp.2d 154, 160 (D. Mass. 1999) (motion to strike defendants' affidavits because of alleged deficiencies in form: affidavits allegedly were not signed under the pains and penalties of perjury and did not indicate in which state or county they were signed); 28 U.S.C. § 1746 (unsworn declaration executed under penalty of perjury may substitute "with like force and effect" for a sworn declaration, oath, or affidavit).

not eligible for interim injunctive relief. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Thus, a request for injunctive relief may be denied for failing to demonstrate a likelihood of success standing alone. See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).

By plaintiff's own admission and exhibits, she has submitted her claims about the validity of her Section 8 voucher and her charges of discrimination to at least three separate courts as well as MCAD. Indeed, as recently as March 25, 2004, the Middlesex Superior Court held a hearing on plaintiff's request for injunctive relief and denied the request. Ex. 4. That decision is not subject to review here.[4]

Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-

---

[4]Erickson named three of the present defendants in the Middlesex Superior Court action, and I note, without deciding, that the decision of the Middlesex Superior Court likely has claim preclusive effect here. See, e.g., Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001) (a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action); see Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (citing In re El San Juan Hotel Corp., 84 F.2d 6, 10 (1st Cir. 1988)) ("nonmutual claim preclusion" is an expansion of res judicata doctrine that abandons the requirement of mutuality, permitting a non-party defendant in a prior action to raise the defense of res judicata).

Feldman[5] doctrine. See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (Rooker-Feldman doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing

---

[5]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

party's claim that the state judgment itself violates the loser's federal rights); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).

A federal claim is “inextricably intertwined” with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Hill, 193 F.3d at 39. Here, to the extent that plaintiff’s complaint may be read as attempting to appeal the decision of the Middlesex Superior Court denying her request for injunctive relief to this Court or as an attempt to claim that the Middlesex Superior Court wrongly denied her relief, it is subject to dismissal under the Rooker-Feldman doctrine. Rene v. Citibank, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (dismissing complaint that implicated propriety of state judgment of foreclosure and eviction); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246-1247 (D. Kan. 1998) (dismissing eviction proceeding claims); see Hill, 193 F.3d 33 at 34 (dismissing).

C. Irreparable Harm

Plaintiff also has not alleged sufficient facts demonstrating that she will suffer immediate, irreparable harm requiring ex parte injunctive relief. Vieques Conservation and Historical Trust v. Bush, 140 F. Supp. 2d 127, 134 (D. P.R. 2001) (stating that a federal

court must find a cognizable threat of irreparable harm as an essential prerequisite to the issuance of a preliminary injunction) (citing Ralph v. Lucent Techs., Inc., 135 F.3d 166, 170 (1st Cir. 1998)).

Even assuming that plaintiff could establish a reasonable probability of success on the merits, several factors persuade me that the plaintiff does not stand to suffer immediate irreparable harm that outweighs any harm to the defendants. Erickson's allegations of harm are, at this point, entirely speculative. In re rare Coins of America, Inc., 862 F.2d 896, 902 (1st Cir. 1988) (alleged harm can not be speculative, and subjective apprehensions and predictions can not establish an immediate threat of irreparable harm). Erickson has not received a notice of eviction. A tenant generally may not be evicted in Massachusetts until after summary proceedings are commenced by the landlord and Erickson would be able to raise her arguments about the validity of her voucher in those proceedings. See, e.g., Mass. Gen. Laws ch. 239, § 1 et seq. (summary proceedings); cf § 9 (authorizing a stay of proceedings for up to 6 or 12 months, depending on circumstances).

In view of these factors, I rule that plaintiff has failed to establish that she stands to suffer immediate and irreparable harm outweighing any harm to the defendants. See In re rare Coins of America, Inc., 862 F.2d at 902; Salomon/North America, Inc. v. AMF

Inc., 484 F. Supp. 846, 848-849 (D. Mass. 1980) (denying relief).

CONCLUSION

ACCORDINGLY, I find that Erickson has failed to demonstrate a substantial likelihood of success and irreparable harm and her request for emergency injunctive relief [Docket No. 4]; a preliminary injunction [Docket No. 5]; and oral argument [Docket No. 6] are DENIED.

Summonses will not issue pending the Court's review of the merits of this action under 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of April, 2004.

s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE