UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04- 10629 DPW

HEIDI K. ERICKSON
    Plaintiff

VS.

RECONSIDERATION OF ORDER ON MOTION
FOR PRELIMINARY INJUNCTON

DANIEL WUENSCHEL, et al.
    Defendants

1. The Plaintiff Ms. Heidi K. Erickson respectfully requests that this Court reconsider it's denial of her requested relief on (Docket No. 5) and (Docket No. 6) issued 4/1/04 entitled ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER.

**IN SUPPORT**
2. Plaintiff states that the Orders issued on 4/1/04 cites facts not in evidence, and/or misstates facts in evidence, references are in error and in three instances listed below these errors if correct would cause a different understanding of the claims and relief sought.
3. Plaintiff lists the ERROR's herein below at a.-c.:

    a. Erred on an important and pivotal fact: "Erickson alleges that she sought relief concerning the alleged actions of [D]efendants in three Massachusetts state courts as well as with the MCAD Compl. p. 4, (describing action in Suffolk Superior Court and filing of two complaint[s] with MCAD); p. 5 (describing action in Worcester Superior Court); and p. 6 (describing action in Middlesex Superior Court). (See Order at page 2 para 1.)
        i. Plaintiff (Erickson) attests herein that she has **not** sought relief in three state courts against all the Defendants named herein
        ii. Plaintiff attests that she has not sought relief in three state courts regarding her claims/allegations made herein against these Defendants.
        iii. Plaintiff states that she had filed for a TRO in the Middlesex Superior Ct against 3 of the 7 herein Defendants, that state case alleged ½ of the claims herein alleged and that those alleged claims were not fully argued nor presented as such, the case was dismissed within a week of its filing without prejudice and more importantly without a final judgment.
        ii. The doctrine of Rooker-Feldman is not applicable to an interlocutory TRO.

    b. Error in the Findings of Fact not discussed hereinabove at a. "...[D]efendant's... have frustrated her efforts to obtain housing by advising prospective landlords ...and refusing to 'suspend' the expiration date of her voucher..." (See Order page 1 para 2.)
        i. FACT: Defendant's intentional and negligent deprivation of Plaintiff's right violating federal regulations is supported in Plaintiff's filed pleadings at Memo. Sup.of Prel.Inj. evidenced in the exhibits filed therewith and attached thereto.
        ii. FACT: Defendant's violated Plaintiff's rights to privacy, not claimed in the state action, and claimed in the Plaintiff's Complaint at Court I.
        iii. FACT: Defendant's deprived Plaintiff's her rights secured by the Constitution and violated pursuant to 42 USC section 1983 a claim/court not raised in the state ct.

i. FACT: the CHA Defendants in violation to federal regulations have repeatedly refused to process Plaintiff's section-8 voucher given requests and/or HUD forms in Aug. 2003, Sept. 2003, Nov. 2003, Dec. 2003, Jan. 2004 and now in March 2004. See Memo. Sup.of Prel.Inj at para. 11, 12, 14 & Exh. 14, evidencing the alleged deprivations of long duration.

i. FACT: RCAP Defendants have refused to process one Request for Tenancy Approval and that claim is even supported by an Affidavit Johnston of CHA (*Supra* at para. 14) and Affidavit attached hereto at Exhibit A.

i. FACT: CHA Defendants deprived Plaintiff full participation in HUD's (HVC) Program due to her disability by refusing to process her submitted HUD 52517 forms (Requests for Tenancy Approvals) in Jan. & March 2004, nor process her multiple requests for reasonable accommodations; nor provide her with discrimination assistance over 8 months that it knew or should have known to provide pursuant to federal regulations and its own Administrative Plan evidenced in the Verified Memo.Sup.of Prel.Inj. para. 20, Complt. para 10, 11, 15).

i. FACT: Irreparable injury is cognizable in the pro se pleadings.

c. Referencing cites (herein underlined) allegedly in Plaintiff's Complaint that are wrong and/or do not exist.

i. Errors of incorrect references underlined herein: "Erickson alleges that she sought relief concerning the alleged actions of [D]efendants in three Massachusetts state courts as well as with the MCAD Compl. p. 4, (describing action in Suffolk Superior Court and filing of two complaint[s] with MCAD); p. 5 (describing action in Worcester Superior Court); and p. 6 (describing action in Middlesex Superior Court). (See Order at page 2 para 1.)

3. Plaintiff requesting this reconsideration argues that for several associated reasons this Federal Claim is not dismissible pursuant to a collateral estoppel supportive with the *Rooker-Feldman* Doctrine (precludes a federal court from entertaining a proceeding to reverse or modify a state-court judgment to decree to which the assailant is a party. Order at pg. 7): But, rather that a because this federal case is different in many ways from the state case which only sought a TRO on less then ½ of the litigants herein and less then ½ of the issues herein this reason should not bar the complaint from being heard in this court, nor should is bar this court from hearing Plaintiff's Motion for Preliminary Injunction as Plaintiff asserts that this Court adjudication of her claims would not require that any state court judgment was wrong. The state court case in Middlesex Sup.Ct. heard a TRO, without witness and additional facts and evidence for the record and subsequently dismissed within a week of its filing "could not develop an evidentiary record". Federal District Judge Baylson found in *Associates in Obstetrics & Gynecology v. Upper Merion Township*, 270 F. Supp. 2d. 633; 2003 attached hereto in *Associates Supra* the Plaintiff's 3 state court cases did not provide enough of an evidentiary record and a Motion to Dismiss under Rooker-Feldman doctrine was denied.

a. The action in the Middlesex Superior Court did not issue a final judgment.
   i. The court heard only a tro, no witnesses, and the case dismissed without prejudice.
   ii. Rooker-Feldman Doctrine applies only in cases from final judgment 28 USC section 1257.

b. Plaintiff's first choice of jurisdiction was the federal court but because of the immediacy of the issues and the fact that the court and the CHA Defendant sit in Cambridge, MA Plaintiff was able to get to court faster and did not claim all the same issues herein.

   i. Many of Plaintiff's federal claims and Defendants were absent from the state case naming only three of the 7 plaintiffs. *Associates. Supra*
   ii. Claims articulated in this action were not litigated and/or articulated in the state case it would be impossible to claim that all the claims herein are inextricably intertwined with the state court proceeding as many were not raised. Therefore a finding here would not require a finding that the state court was wrong. *Associates. Supra*
   c. Plaintiff's original intent was to file in federal court, and did not argue the federal claims as placed in this herein case. Plaintiff had constraint and immediacy of the issues concerned about the harms and did not articulate claims fully.

4. Plaintiff argues that there are cognizable irreparable harms requiring immediate relief albeit preliminary injunction with short order notice and oral hearing and/or temporary orders and the aforementioned relief the reasons being:

## IRREPARABLE HARMS

5. The necessity of hearing the federal issues for immediate relief where the deprivation of participation in HUD's Program suffered by Plaintiff over that last eight + months is an harm that is multiplied by the duration of the deprivation and the effect that this deprivation has upon Plaintiff in her current state. Because of Defendants wrongs and Plaintiff's recognition of those wrongs, Plaintiff has suffered more and in greater degree then someone unaware of the wrongs. Plaintiff is highly educated, sensitive and deeply concerned about civil constitutional rights and oppressiveness committed under the color of law. Plaintiff who is afflicted with epilepsy that is aggravated by perceived stresses that have at times incapacitated her. Plaintiff presented evidence of a cognizable threat to her well-being and an aggravation to her disability "epilepsy" (Affidavit Fraser, MD at Memo. Sup.of Prel.Inj at Exh. 19 para. 4) "deteriorating" (Affidavit Fraser, MD at Memo. Sup.of Prel.Inj at Exh. 19 para. 1), and "aggravated by stress" (Affidavit Fraser, MD at Memo. Sup.of Prel.Inj at Exh. 19 para. 4). Plaintiff's concerns valid not speculative nor are they subjective apprehensions or predictions. The irreparable harm Plaintiff is subjected to everyday by the deprivation of her rights and the inherent ill effects from her body responses is a threat that could be minimized by judicial intervention a minimization that has no effect and no burden on Defendants.

6. By depriving a participant of her benefits, necessary for the safety and security of home doing so ignores the intentions of Congress violates federal laws and regulations upon a qualified participant inherently wrong. The injury to Plaintiff's relationship with her new landlord has already occurred and has been for nearly the entire time of their relationship. But more important is the injury to Plaintiff's physical condition and the stability of her health, which has deteriorated and continues to do so at the hands of Defendants. Quintessential to the argument herein of the application that the security of the physical address is of some importance and that (Plaintiff has remedies to the threat of eviction (through the Massachusetts Trial Court whom she is suing and whom has retaliated upon her which she should not have to rely upon the Defendants discretion a Defendant who by the adversarial nature of litigation has a conflict of interest in deciding issues of fairness and those of summary process) – and when this court points to MGL 239 section 9 a totally discretionary law in itself portraying speculations based on subjective apprehensions that eviction is the only recognizable threat. Plaintiff's cognition and its harmful effect on her pre-existent condition is threat enough to support the herein request for expedited redress if, not immediate orders, surely orders for short notice and preliminary hearing.

7. Plaintiff understands the wrongs and deprivations that are being committed upon her by the Defendants and that she has been wronged multiple times, yet she strives for redress that will not

be heard, and that doing so aggravates her condition, and in this case there is a time limit to prevent yet another cascade of events that will continue to and add harmful aggravation upon her condition. If there is to be fairness and prevention of the deterioration of the status quo a hearing for preliminary injunction necessary. For this Honorable Court to waiver on a decision of whether the Plaintiff in this action suffer enough pain and harms from the discrimination and deprivation that is cyclic and keeps her in poverty participation in HUD's program a property right held by the Plaintiff is the physical and emotional effects of safety and security that to which is herein negatively and dangerously effecting Plaintiff a harm, an irreparable harm in itself that cannot be leveled without immediate judicial intervention. Intervention that is the basis of the Plaintiff's request for relief will cause the Defendant no harm then the recognizable and exhausting harm that burden places upon Plaintiff.

### NOTICE

8. Plaintiff, herein attest to the Notice she gave to the Defendants on 4/1/04 entitled 'Certificate of Service' incorporated in this document hereinbelow and attests herein that the day she dismissed the case in the Middlesex Superior Court she hand delivered the dismissal notice to the attorney for the CHA Defendant and while doing so asked that the Defendant reconsider the issues raised and that additional federal claims encourage her to proceed to the Federal District Court. Plaintiff also stated that if she is not presented with an alternative to Defendants deprivations she will file additional litigation including the federal issues not litigated against the CHA Defendants in court and will commence this action before the end of the month. Plaintiff believes that this notice sufficient.

9. Lastly, the court by excluding these important facts could come to the wrong conclusions and add the additional burden that this Honorable Court has placed upon the Plaintiff by its Order not to issue Summonses frustrating this litigation until such time as the Defendants comply with the provisions set forth or until such time as the issues at trial are heard and decided.

RESPECTFULLY SUBMITTED BY  *[signature]*

Heidi K. Erickson, *pro se*
*I attest that the information herein is true under the pains and penalties of perjury.*
4/2/04

*I Heidi K. Erickson attest that __2__ day of April 2004 have sent a message in person by leaving a voice mail message including "Hello this is Heidi K. Erickson, I am sending you a facsimile transmission, I have filed these papers yesterday seeking relief, I am filing my reconsideration tomorrow seeking additional relief, I am giving you this notice pursuant to Orders Issued today". I also sent by facsimile transmission the following pleadings: Motion to Reconsider Orders On Motion for Temporary Restraining Order; Complaint; Motion for Temporary Restraining Orders; Motion for Preliminary Injunction; Motion for Oral Argument; Memorandum of Law In Support of Preliminary Injunction (excluding exhibits and case reference appendix)*

I Heidi K. Erickson, attest that I have made service of this document by facsimile transmission upon the attorney for the Plaintiffs John Egan and Finestein for RCAP.