UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-10629 DPW

HEIDI K. ERICKSON
Plaintiff

VERIFIED AMENDED COMPLAINT

VS.

DAVID SOMERS, NORMA SOMERS
CRAIG SOMERS, and
DANIEL WUENSCHEL et al
Defendants

## PARTIES

1. The Plaintiff Ms. Heidi K. Erickson hereinafter "Erickson" is a citizen of the United States, a resident of the State of Massachusetts and current fully qualified participant of the United States Department of Housing and Urban Development (HUD) Housing Choice Voucher Program under Section-8 of the U.S. Housing Acting of 1937 (42 U.S.C. 1437 et seq.) issued by the Cambridge Housing Authority "CHA" to whom Erickson has named Defendant in a action filed in this Honorable Court Docket # 04-10629DPW seeking redress to the wrongful actions and inactions of that defendants deprivations of Erickson's rights.

2. David Somers hereinafter "Somers" 35 Christy Murphy Drive Stoughton, MA landlord to Plaintiff Erickson, is being sued in his personal and professional capacity, at all times material herein, was charged with the ultimate responsibility, care and supervision of Plaintiff's tenancy and those laws according to Congress, and those local state laws. Somers, knew and/or should have known that his actions and/or inactions wrong, discriminatory and against the right of Erickson, done knowingly and willfully to deprive Erickson her established constitutional protections, and made in conspiracy with others to deprive Erickson her rights afforded to her by Congress.

3. Norma Somers hereinafter "Somers" 35 Christy Murphy Drive Stoughton, MA landlord to Plaintiff Erickson, is being sued in her personal and professional capacity, at all times material herein, was charged with the ultimate responsibility, care and supervision of Plaintiff's tenancy and those laws according to Congress, and those local state laws. Somers, knew and/or should have known that his actions and/or inactions wrong, discriminatory and against the right of Erickson, done knowingly and willfully to deprive Erickson her established constitutional protections, and made in conspiracy with others to deprive Erickson her rights afforded to her by Congress.

4. Craig Somers hereinafter "Somers" 35 Christy Murphy Drive Stoughton, MA landlord's agent to Plaintiff Erickson, is being sued in his personal and professional capacity, at all times material herein, was charged, care and supervision of Plaintiff's tenancy and those laws according to Congress, and those local state laws. Somers, knew and/or should have known that his actions and/or inactions wrong, discriminatory and against the right of Erickson, done knowingly and willfully to deprive Erickson her established constitutional protections, and made in conspiracy with others to deprive Erickson her rights afforded to her by Congress.

5. Daniel Wuenschel hereinafter "Wuenschel" Executive Director of the Cambridge Housing Authority hereinafter "CHA" duly appointed, is being sued in his personal and professional

capacity, at all times material herein, was charged with the ultimate responsibility, care, and supervision of Cambridge Housing Authority, training of agents and employees thereof including Defendant Michael Johnston, and ultimately responsible for the care and supervision of Plaintiff's Section-8 participation, knew and/or should have known that his actions and/or the actions of his employees and agents to hold against the right of Erickson, done knowingly and willfully to deprive Erickson her established constitutional protections, and the failure of the "CHA" to comply with the intentions of Congress, federal laws and regulations as required by HUD.

6. On information and belief, Wuenschel is personally and professionally, and at all times material herein, responsible for the ultimate decision to train, and supervise his employees and agents and at all time material herein capriciously, arbitrarily, wrongly, intentionally, negligently, discriminately and maliciously deprived Erickson her rights.

7. Michael Johnston hereinafter "Johnston" Director of Leasing within the "CHA" duly appointed, is being sued in his individual and professional capacity, at all times material herein, was charged with the responsibility, care and supervision of Plaintiff's Section-8 participation, knew and/or should have known that his actions and/or the actions of his employees and agents to hold against the right of Erickson, done knowingly, willfully, conspired to deprive Erickson her established constitutional protections.

8. Cambridge Housing Authority herein "CHA" duly recognized Public Housing Authority pursuant to 42 U.S.C. 1437 section 8 of the U.S. Housing Act of 1937 and those required by U.S. Department of Housing and Urban Development ("HUD") and responsible corporate entity in the administration of HUD programs and interests pursuant to the code of federal regulations 24 CFR 982.51, is being sued in its corporate and individual capacity as a Public Housing entity, at all times material herein, was charged with the ultimate responsibility, care and supervision of Plaintiff's Section-8 participation, knew and/or should have known that the actions and/or the actions of its employees and agents to hold against the right of Erickson, done knowingly, willfully to conspire to deprive Erickson her established constitutional protections.

## JURISDICTION

This action arises under the Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sections 1983 et seq. and section 1985; 42 USC 1437 et seq. (the Housing Act of 1937); 42 USC section18241 (the Americans with Disabilities Act).

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 & 1343, because this action arises under the Constitution and laws of the United States.

The Honorable Court has subject matter jurisdiction pursuant to 42 USC section 3612(a) because the Defendant's actions violate Plaintiff's federal statutory rights to fair housing.

Plaintiff's cause of action for declaratory relief is authorized by 28 USC section 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure; and there is no jurisdictional requirement as to the amount of damages claimed as Plaintiff seek contractual and equitable relief not available in the state courts and as to counts in this Complaint which seek enjoiner of state action are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a, and 42 USC 1441.

## FACTS

1. On 3/12/04 Norma and David Somers fully executed a HUD 52517 form (Request for Tenancy Approval) and signed a 15 month lease with Erickson previously prepared by their son Craig Somers acting as their agent to rent the property to which Erickson call home.

2. On 9/4/03 CHA re-issued Erickson a Section-8 voucher pursuant to the Fair Housing Amendments Act but did not put an expiration date on the voucher because the voucher was issued during a "suspension period" pursuant to 24 CFR 982.54(d)(2). CHA as subsequently mishandled the calculation of the expiration period in an attempt to deprive Erickson her benefits of HUD's program and the intentions of Congress and to deprive Erickson due process of law and other wrongs committed against Erickson of which she filed a Complaint in the Federal District Court of the District of Massachusetts docket #04-10629.

3. On 2/29/04 Erickson signed a 15 month lease for a single family cottage in Winthrop, MA identifying herself as a HUD voucher holder, disabled and that she uses animals to accommodate her disability and that a single family home absolutely necessary and ideal for her. The landlord's agent Craig Somers (son) pleased to rent to Erickson and offered her an option to purchase the property but failed to include it in the lease then informed Erickson that the landlords were out-of-town until 3/10/04 and those things could be discussed with his parents the property owners.

4. On 3/12/04 Erickson spoke directly to her landlords David and Norma Somers they agreed with Erickson, signed the HUD 52517 form (Request for Tenancy Approval) and informed Erickson that they would fill out the remaining tax forms and submit all the HUD paperwork directly to the CHA on Monday 3/15/04. Norma Somers signing first followed by David Somers fully executed a HUD 52517 form (Request for Tenancy Approval) and signed a 15 month lease with Erickson previously prepared by their son Craig Somers acting as their agent to rent the property which Erickson calls home.

5. On 3/15/04 the landlord's informed Erickson that "the Director of CHA told us not to rent to you", and "he insisted that we should not give you the HUD papers, he said don't give her the HUD papers", and "don't sign the HUD papers" and "Erickson was a participant in the section-8 voucher program her..." but that "her voucher had expired". Erickson denied that her voucher had expired and on 3/16/04 the Somers informed Erickson that the Director of CHA who had told talked to them was Michael Johnston.

6. Erickson asked the Somers n 3/15/04 and 3/16/04 to send her the HUD papers regardless of what Johnston told them. To no avail Somers didn't respond. Then on 3/18/04 and 3/22/04 Erickson sent a subpoena delivered by sheriff of Norfolk county requesting the signed HUD paperwork and when Erickson meet the Somers in Court on 3/24/04 they did not testify and left without giving Erickson the subpoenaed HUD paperwork. Erickson sent another request on 3/26/04 by US Postal Services first class postage prepaid to no avail and then sent a Certified #7003 2260 0004 2012 8346 US Postal Services first class with return receipt prepaid on 3/29/04 which was signed by David Somers and returned on 3/31/04. Included in the said certified letter was Erickson's 5th request for the HUD paperwork and her tabulation of the expected rent due for her portion of the rent minus the HUD voucher portion instructing the Somers that Erickson would not be in the rears and imploring to them to send her the HUD paperwork for processing.

7. On 3/15/04 by leaving a voice mail, and on 3/16/04, 3/18/04 and 3/25/04 by written appeal Erickson requested a meeting with Wuenschel and a restraint upon Johnston from disseminating information as to Erickson's participation with HUD's Section-8 program unless otherwise authorized by federal regulations, HUD policy and those policies established in the CHA handbook, requested Wuenschel to correct the misconduct of conspiracy that Johnston had committed in disseminating information not authorized to do so meant to interfere with Erickson's landlord tenant relationship and to correct the conspiracy that was being perpetrated by Johnston and Somers processing Erickson voucher appropriately and incompliance with federal regulations, HUD policies and the CHA policies as established in its Administrative Plan, request for tenancy approval and correcting the conspiracy that resulted in interference with Erickson new relationship with her landlords Defendants Somers. To no avail Wuenschel has completely ignored Erickson and has condoned the misconduct and conspiracy portrayed by his employee Johnston and CHA.

8. On 4/6/04 Erickson received a Notice To Pay Rent Or Quit. Erickson claims that this notice discriminatory and therefore unlawful as the Somers have repeatedly refused to submit the HUD paperwork to the CHA and have been paid Erickson's portion of her rent due minus the HUD voucher portion.

## CLAIM I
DISCRIMINATION
Violation of Title VIII of the Civil Rights Act of 1968
42 USC sec. 3601 et seq.
Also known as the Fair Housing Amendments Act of 1988

9. Plaintiff re-alleges and alleges the allegations of paragraphs 1-8 hereinabove and incorporates them by reference as though fully set forth herein.

10. Title VIII of the Civil Rights Act of 1968, 42 USC section 3601 et seq. also known as the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988, makes it unlawful to make unavailable or deny a dwelling to any person because of among other factors, race, color, national origin or disability. See Pub.L.No.100-430, 102 Stat. 1619 (1988) (amending 42 USC Section 3601-3619 herein specifically Section 3604(a)(1).

11. Somers and their agents and employees have violated and deprived the Plaintiff of her rights secured by federal statutes, regulations, and the United States Constitution by discriminating against her due to her status as a recipient of public assistance and denying Plaintiff full participation in HUD's Housing Choice Voucher Program in violation of 42 USC Section 3604(a)(1) by refusing to submit the HUD paperwork to the CHA.

## CLAIM II
DISCRIMINATION
Violation of Title VIII of the Civil Rights Act of 1968
42 USC sec. 1437f(t).
Also known as the Fair Housing Amendments Act of 1988

12. Plaintiff re-alleges and alleges the allegations of paragraphs 1-7 hereinabove and incorporates them by reference as though fully set forth herein.

13. Title VIII of the Civil Rights Act of 1968, 42 USC section 1437 et seq. also known as the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988, makes it unlawful to make unavailable or deny a dwelling to any person because of among other factors, race, color, national origin, disability or status as a recipient of public assistance. 42 USC Section 1437f(t).

14. Somers and their agents and employees have violated and deprived the Plaintiff of her rights secured by federal statutes, regulations, and the United States Constitution by discriminating against her due to her disability and denying Plaintiff full participation in HUD's Housing Choice Voucher Program in violation of 42 USC Section 1437f(t) by refusing to submit the HUD paperwork to the CHA.

## CLAIM III
DISCRIMINATION
Violation of 42 USC section 1437 f(o)(I)(A)

15. Plaintiff re-alleges and alleges the allegations of paragraphs 1-7 hereinabove and incorporates them by reference as though fully set forth herein.

16. Title VIII of the Civil Rights Act of 1968, 42 USC section 1437 et seq. also known as the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988, makes it unlawful to make unavailable or deny a dwelling to any person because of among other factors, race, color, national origin, disability or status as a recipient of public assistance. 42 USC Section 1437 f (o)(1)(A).

17. Somers and their agents and employees have violated and deprived the Plaintiff of her rights secured by federal statutes, regulations, and the United States Constitution by discriminating against her due to her disability and denying Plaintiff full participation in HUD's Housing Choice Voucher Program in violation of 42 USC Section 1437f(o)(1)(A).

### CLAIM IV
### DISCRIMINATION
Violation of 42 USC section 12202 the Americans with Disabilities Act

18. Plaintiff re-alleges and alleges the allegations of paragraphs 1-18 and 19-35 hereinabove and incorporates them by reference as though fully set forth herein.

19. The Somers and their agents and employees have deprived the Plaintiffs of rights secured by federal statutes, regulations, and the United States Constitution by discriminating against her due to her disability and denying Plaintiff full participation in HUD's Housing Choice Voucher Program in violation of the Americans with Disabilities Act "ADA" Title III.

20. Somers have violated 42 USC section 12202 'Title III of the ADA as printed in the Federal Register (7/26/91)'. The Department of Justice's regulation implementing title III, subtitle A, of the ADA which prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by private third parties.

### COUNT V
### CONSPIRACY
By all Defendants

21. Plaintiff re-alleges and alleges the allegations of paragraphs 1- 18 hereinabove and incorporates them by reference as though fully set forth herein.

22. All at time relevant to the allegation of this Complaint, plaintiff is a fully qualified participant in HUD's Housing Choice Voucher Program (HCV) and had a reasonable expectation of privacy in her participation in HUD's HCV) Program under the circumstances. Plaintiff's personal file was not open to the public and Plaintiff did not consent it to be allowed public access.

23. At all times relevant to the allegations of this complaint, each and every act alleged herein was done by and in the name of the Defendants Somers, Cambridge Housing Authority (CHA) and Johnston professionally, individually and through agents, servants, representatives, each of them, and under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Federal Government of the United States. Defendants CHA and Johnston, were clothed with the authority of the State and HUD and were purporting to act thereunder.

24. At all times relevant to the allegations of this Complaint, each and every act alleged herein done by Defendants Somers, CHA and Johnston individually and through their agents, servants and employees, and each of them, were acting under a pre-planned agreement and as willful participants in a joint activity. When the Defendant Johnston openly gave information subject to the Constitutional protections of the 1st Amendment and the polices of HUD and those federal regulations and pursuant to the CHA Administrative Plan did so for all the Defendants benefit. Defendants Johnston and CHA, unlawfully gave private information of plaintiff in violation of her constitutional rights. In doing so Defendants CHA and Johnston fraudulently reported information that would and did terminally effect Plaintiff advantageous relationship and in doing so reported fraudulent facts in a manner to deny Plaintiff her rights of full participation in HUD's programs in a concerted attempt to committee conspiracy to deprive Erickson full participation in HUD's program and to deprive Erickson her benefits.

25. The acts of Defendants Somers, CHA and Johnston individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the State and Federal Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the United States. Defendants CHA and Johnston, were clothed with the authority of the Government and were purporting to act thereunder.

26. The action against Defendants Somers, CHA and Johnston individually and through their agents, servants and employees, for violation of constitutional rights under color or authority of State law, is actionable under 42 USC section 1983.

27. Not just damages but the equitable relief Plaintiff seeks in the enforcement of the contract(s) with Somers are an appropriate and judicially manageable remedy for an invasion of personal interests in liberty, and conspiracy. The case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

28. On or about 3/04/04 and 3/15/04 while Defendants CHA and Johnston and its employees and agents were reviewing Plaintiff's private file that they had control over under the color of law under a long-standing policy, custom and practice granted by HUD acting under the orders and authority of the color of law to administer its section-8 programs for qualified participants like Plaintiff. Defendant knowingly gave out personal and confidential information that Defendants knew would harm Plaintiff's relationship with her new landlords. At no time did Plaintiff consent to or give permission to the Defendants and their employees and agents to give private information contained in Erickson's file to private or public third parties. Plaintiff was informed by Defendants CHA and Johnston that it could only give information out on Erickson after it had received an executed Request for Tenancy Approval form from the person seeking information. If Plaintiff had known that the information would be indiscriminately available from defendants she would have caused a cease and desist order upon them prior to their dissemination and/or had not allowed the defendants agents and employees to disseminate private information and she would have demanded that the defendants and employee and agents not be allowed to disseminate private information about her.

29. On 3/04/04 and 3/15/04 Defendants CHA and Johnston disclosed and freely gave information to Defendant Somers encouraging Somers not to rent to Erickson and to harm her relationship with

Somers without authority, permission and/or consent from Erickson in violation of the federal regulations and intentions of Congress.

30. All the Defendants, their employees and agents by their conspired actions denied Plaintiff full participation in HUD's Housing Choice Voucher Program the protections of private information on participants and while denying her attempted to fraudulently procure and eviction without the due process of law, deny Erickson her rights of due process and to fraudulently and maliciously deprive Erickson her constitutional protections.

31. At no time did Plaintiff consent to or give permission to the Defendants CHA and Johnston and its employees and agents to publish, disseminate or in any way in release private information contained in her file. Had Plaintiff known that the Defendants CHA and Johnston individually and/or through its employees, servants and agents, and each of them intended to and had been allowed, ordered or otherwise unlawfully obtained private information and intended to publish same or release same Erickson would have demanded the Defendants not to do so.

32. Defendants CHA and Johnston and its employees and agents were acting to disseminate private information for their mutual benefit in violation of Congressional intentions. Said actions willfully exceeded the authority of the Defendants CHA and Johnston and its employees and agents.

33. Defendants Somers, CHA and Johnston and its employees and agents individually and through their agents, servants and employees, and each of them personally conspired in the deprivation of plaintiff's protected rights but also set into motion a series of acts by others which they knew or reasonably should have known would cause others to inflict constitutional injury upon Plaintiff, the loss of rights and benefits secured by the Constitution and other applicable laws.

34. Because of the above-recited facts of conspiracy, the Defendants Somers, CHA and Johnston and its employees and agents individually and through their agents, servants and employees, and each of them, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of HUD, the federal government, the intentions of Congress deprived Erickson of her rights, privileges and immunities secured to her by the United States Constitution, including, but not limited to:
    a. Plaintiff's security in her person, papers and effects, to be free against unreasonable government intrusions; and
    b. Plaintiff's right to benefits of HUD's HCV Program without unreasonable government intrusions.

35. The actions of each Defendant violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

36. The actions of each Defendant impeded and hindered the course of justice with the intent to deny Plaintiff full participation in the Fair Housing Act, intentions of Congress and her benefits from HUD.

37. As a direct and proximate result of the outrageous and wrongful acts of each of the defendants, plaintiff suffered loss of an advantageous relationship with her landlords and the loss of her HUD housing benefits, mental anguish, and because of this interference is subjected to the loss of the security of her home. Plaintiff is reasonably assured that she is unable to realize the totality of the damages caused by the actions and inaction of Defendants as unforeseeable and once realized she should be allowed to amend.

38. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

39. The Defendants Somers, CHA and Johnston and each of them acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights, federal regulations and the CHA Administrative Plan and the possible consequences of their conspired conduct. Accordingly, Plaintiff is entitled to enforcement of her contract equitable relief and preliminary injunction restraining Defendants from seeking relief to evict Erickson from her home and hereby demands all other damages that could be calculated including but not all inclusive to punitive and exemplary damages by way of punishing and deterring defendants in an amount to be amended.

40. The actions of Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

## CLAIM VI
### NEGLIGENT INFLICTION OF EMOTOINAL DISTRESS
### Upon all Defendants

54. Plaintiff re-alleges and alleges the allegations of paragraphs 1-8 hereinabove and incorporates them by reference as though fully set forth herein.

55. All at time relevant to the allegation of this Complaint, plaintiff had a reasonable expectation that all Defendants and their agents, servants and employees had a duty to Erickson.

56. All at time relevant to the allegation of this Complaint, all Defendant and their agents, servants and employees had a duty to Plaintiff.

57. There was no consent that could be implied under the circumstances to allow any of the Defendants to absquatulate the duty of care they had with Plaintiff.

58. The conspiracy by the Defendants, individually and through their agents, servants and employees, onto Plaintiff's benefits, was intentional and in reckless and willful disregard of Plaintiff's rights.

59. Defendants conspiracy and denial of the return of the executed HUD papers, and/or instructions not to return HUD paperwork was not by license nor right and/or authorization. The Defendants individually and through their agents, servants, and employees, and each of them, unlawfully retained the executed HUD papers from Plaintiff to make a damage to her voucher, discrimination of herself, and knowingly and with purpose made to deprive Erickson of her benefits.

60. The Defendants, individually and through their agents, servants, and employees, and each of them, intentionally and unlawfully deprive Plaintiff's her rights, benefits of the intentions of Congress.

61. The result of the Defendants conspiracy Plaintiff experienced great stress, discrimination, humiliation and aggravation to her well-being.

62. It was reasonably foreseeable that the Defendants actions and/or inactions of conspiracy and retaining of the executed HUD paperwork would cause Plaintiff emotional distress and tend to interfere with her subsidy, benefits and relationship with HUD.

63. The Defendants, and each of them, knew or should have known that their conspiracy would cause Plaintiff serious injury and emotional distress and loss of benefits.

64. The Somers Defendants breached the duty of due care they owed Plaintiff when, individually and through their agents, servants, and employees, and each of them, unlawfully conspired to deprive Plaintiff of her benefits and action to discriminate.

65. As a direct and proximate result of the intentional and negligent acts and/or omissions of the Defendants, individually and through their agents, servants and employees, and each of them, Plaintiff has suffered mental anguish and emotional and physical distress and has been injured in mind and body. Defendants' conduct resulted in emotional and physical injury and constituted a substantial invasion of a legally protected interest, that caused a significant impact, including emotional distress, interference with a good and advantageous relationship with her landlord(s) HUD and her benefits that no reasonable person could be expected to endure it. Such emotional distress includes, but is not limited to, Plaintiff's suffering from grief, shame, humiliation, embarrassment, anger, chagrin disappointment and worry and from fear of the loss of home, security and the threat of homelessness.

66. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

67. As a direct and proximate result of the Defendants' conduct, individually and through their agents, servants and employees, and each of them, Plaintiff has suffered actual and consequential damages including, but not limited to, damage to real property, emotional distress, embarrassment, humiliation, loss of reputation, and loss of privacy, loss of benefits. Plaintiff is entitled to recover for damages including, without limitation, mental anguish, emotional and physical distress, pain and suffering, humiliation and embarrassment to be determined according to proof at trial. The amount of damages will be to compensate for all detriment proximately caused thereby.

68. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, plaintiff has incurred and will continue to incur special damages. The full amount of such damage is not known to Plaintiff at this time and Plaintiff will seek to amend this Complaint to state such amount when the same becomes known to Plaintiff or according to proof at trial.

69. Plaintiff is informed and believes and thereon alleges that Plaintiff will continue to suffer extreme mental, physical and nervous pain and suffering in the future as a result of the injuries alleged herein. The exact amount of damages is not known to Plaintiff at this time, and Plaintiff will move to amend this Complaint to state such amount when the same becomes known to Plaintiff or according to proof at trial.

70. The Defendants, and each of them, acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct to conspire. Accordingly, Plaintiff is entitled to and hereby demands punitive

exemplary damages by way of punishing and deterring Defendants in an amount to be amended at a later date.

71. The actions of the Defendants, jointly and severally, entitle Plaintiff to an award of exemplary and punitive damages.

## CLAIM VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiff against all Defendants)

72. All at time relevant to the allegation of this Complaint, plaintiff had a reasonable expectation that all Defendants and their agents, servants and employees had a duty to Erickson.

73. All at time relevant to the allegation of this Complaint, all Defendant and their agents, servants and employees had a duty to Plaintiff.

74. There was no consent that could be implied under the circumstances to allow any of the Defendants to absquatulate the duty of care they had with Plaintiff.

75. The conspiracy by the Defendants, individually and through their agents, servants and employees, onto Plaintiff's benefits, was intentional and in reckless and willful disregard of Plaintiff's rights.

76. Defendants conspiracy and denial of the return of the executed HUD papers, and/or instructions not to return HUD paperwork was not by license nor right and/or authorization. The Defendants individually and through their agents, servants, and employees, and each of them, unlawfully retained the executed HUD papers from Plaintiff to make a damage to her voucher, discrimination of herself, and knowingly and with purpose made to deprive Erickson of her benefits.

77. The Defendants, individually and through their agents, servants, and employees, and each of them, intentionally and unlawfully deprive Plaintiff's her rights, benefits of the intentions of Congress.

78. The result of the Defendants conspiracy Plaintiff experienced great stress, discrimination, humiliation and aggravation to her well-being.

79. It was reasonably foreseeable that the Defendants actions and/or inactions of conspiracy and retaining of the executed HUD paperwork would cause Plaintiff emotional distress and tend to interfere with her subsidy, benefits and relationship with HUD.

80. The Defendants, and each of them, knew or should have known that their conspiracy would cause Plaintiff serious injury and emotional distress and loss of benefits.

81. The Somers Defendants breached the duty of due care they owed Plaintiff when, individually and through their agents, servants, and employees, and each of them, unlawfully conspired to deprive Plaintiff of her benefits and action to discriminate.

82. As a direct and proximate result of the intentional and negligent acts and/or omissions of the Defendants, individually and through their agents, servants and employees, and each of them, Plaintiff has suffered mental anguish and emotional and physical distress and has been injured in

mind and body. Defendants' conduct resulted in emotional and physical injury and constituted a substantial invasion of a legally protected interest, that caused a significant impact, including emotional distress, interference with a good and advantageous relationship with her landlord(s) HUD and her benefits that no reasonable person could be expected to endure it. Such emotional distress includes, but is not limited to, Plaintiff's suffering from grief, shame, humiliation, embarrassment, anger, chagrin disappointment and worry and from fear of the loss of home, security and the threat of homelessness.

83. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

84. As a direct and proximate result of the Defendants' conduct, individually and through their agents, servants and employees, and each of them, Plaintiff has suffered actual and consequential damages including, but not limited to, damage to real property, emotional distress, embarrassment, humiliation, loss of reputation, and loss of privacy, loss of benefits. Plaintiff is entitled to recover for damages including, without limitation, mental anguish, emotional and physical distress, pain and suffering, humiliation and embarrassment to be determined according to proof at trial. The amount of damages will be to compensate for all detriment proximately caused thereby.

85. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, plaintiff has incurred and will continue to incur special damages. The full amount of such damage is not known to Plaintiff at this time and Plaintiff will seek to amend this Complaint to state such amount when the same becomes known to Plaintiff or according to proof at trial.

86. Plaintiff is informed and believes and thereon alleges that Plaintiff will continue to suffer extreme mental, physical and nervous pain and suffering in the future as a result of the injuries alleged herein. The exact amount of damages is not known to Plaintiff at this time, and Plaintiff will move to amend this Complaint to state such amount when the same becomes known to Plaintiff or according to proof at trial.

87. The Defendants, and each of them, acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct to conspire. Accordingly, Plaintiff is entitled to and hereby demands punitive exemplary damages by way of punishing and deterring Defendants in an amount to be amended at a later date.

88. The actions of the Defendants, jointly and severally, entitle Plaintiff to an award of exemplary and punitive damages.

**CLAIM I**
DEPRIVATION OF RIGHTS
Violation of all above Titles
28 USC Section1983
(By Plaintiff against all Defendants)

89. Plaintiff relies upon the previous paragraphs and states that at time relevant to the allegation of this Complaint, Defendants concerted actions and inaction deprived Plaintiff her rights.

PRAYER

The Plaintiff respectfully requests that this Honorable Court find in her favor on all counts against all Defendants and grant her injunctive relief enjoining Defendants from seeking to evict Plaintiff for nonpayment of rent prior to trial

The Plaintiff respectfully requests that this Honorable Court find in her favor on all counts against all Defendants and grant her all relief as mentioned hereinabove.

The Plaintiff respectfully requests that this Honorable Court find in her favor on all counts against all Defendants and grant her relief it deems fair and just.

Plaintiff respectfully prays for all statutory relief from this court allowing her dignity and liberty to be free from governmental oppression and grant her all other relief it deems fair and just.

Erickson requests a trial by jury.

I Heidi attest and sign here under the pains and penalties of perjury that the facts herein are true.

Respectfully submitted by:
Heidi K. Erickson, *pro se*
April 12th, 2004

I attest Service upon Defendants attorney via first class Mail.