UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-10629 DPW

HEIDI K. ERICKSON
    Plaintiff

VS.

*Emergency*
VERIFIED MOTION FOR TRO
AND ALTERNATIVELY FOR SHORT ORDER

DAVID SOMERS, NORMA SOMERS
CRAIG SOMERS, MICHAEL JOHNSTON,
DANIEL WUENSCHEL and the CAMBRIDGE
HOUSING AUTHORITY
    Defendants

Plaintiff respectfully requests that this Honorable Court issue Temporary Restraining Orders upon David Somers, Norma Somers and their agent Craig Somers Defendants as captioned hereinabove and referred to herein as "Somers" restraining them from filing a Summary Process Complaint for non-payment of rent in the East Boston District Court, 37 Meridian Street East Boston, MA.

In addition Plaintiff respectfully requests that this Honorable Court enjoin the said East Boston District Court from docketing, and hearing a Summary Process Complaint filed by or on behalf of Defendants against Plaintiff claiming non-payment of rent until the claims of this action could be heard.

**IN SUPPORT**

Plaintiff relies upon her previously filed (April 12th, 2004) Reconsideration of Motion for Preliminary Injunction, Memorandum of Support of Reconsideration, and the Amended Complaint, and Certificate of Service.

Today, 4/22/04, Plaintiff received by Constable a Court Notice (Exhibit 1) signed by David and Norma Somers. The said "Court Notice of a Proceeding To Evict" verifies the Defendant's intent to file for Summary Process eviction in the said East Boston Court. Included on the face of the said Notice an entry date of Monday May 3rd, 2004 and reasons for requesting Summary Process and possession of Plaintiff home for the only cause of "non-payment of rent".

Pursuant to Fed. R.Civ. P. Rule 65a(b), today (4/22/04) Plaintiff called the Defendants David and Norma Somers at 781-436-3488, in an attempt to given them notice and resolve this issue, speaking directly to the Defendants Plaintiff first asked to resolve this issue and then advised them that she was filing this Motion, giving them notice, and then sending it first class mail. Plaintiff also forwarded this Motion to the attorneys representing Defendants (Egan, Esq. 617-722-4920 on behalf of Cambridge Housing Authority; Fahey, Esq. 617-520-6306 on behalf of Cambridge Housing Authority Wuenschel, and Johnston; Ciota, Esq. 978-345-6935 on behalf of RCAP, Koller, Allen, and Amenta) via a facsimile.

**Alternatively,** Plaintiff requests this Honorable Court to issue this requested TRO and/or a Short Order Notice for a hearing on the previously filed Motion for Reconsideration of Preliminary Injunction (now served on all parties) returning on or before May 3rd, 2004 at 9:00AM.

On April 15th, 2004 Congress addressed the Secretary of the US Department of Housing and Urban Development (HUD), Honorable Alphonso Jackson (Exhibit 2) compelling HUD implement the voucher renewal formula in such as way that will avoid cutting off housing [or compel housing authorities like Cambridge to implement drastic measures to cut voucher funding and more then honest compliance to federal regulations to adjust to it over leasing issued raised in CHA's argument found in Johnston affidavit of a potential funding problem and eventual cost to CHA for funding Plaintiff's valid voucher and reason for this courts denial on her motion for requested preliminary relief. Congresses realized the importance of the Section-8 voucher funding especially so in Massachusetts as Senators Edward M. Kennedy and John F. Kerry signed this HUD appeal sending a copy directly to Governor Mitt Romney and by doing so gives this Honorable Court a public plea for jurisdiction to hear this dispute and dispel Defendant's Cambridge Housing Authorities claim of harm from budget constraints and misallocation of insufficient funds for Plaintiff's vouchers it issued.

Plaintiff states that she has a strong likelihood of success on the merits of the claims in her Complaint, and will suffer a harm, that Congress (Exhibit 2) and many jurisdictions recognizes as irreparable, if this court fails to grant this request for preliminary relief Plaintiff will surely suffer irreparably and in greater degree then Defendants.

The Defendants will not suffer any harm from the issuance of these orders and any rent monies that the Defendant Somers agreed to receive by the Cambridge Housing Authority is insignificant to their financial well being.

More importantly within the last few days the Boston Globe (Exhibit 3) is reporting that Congress "Federal Government" has directed more monies to the Section-8 Program realizing the importance of protecting the goals and to avert the threatened loss of housing vouchers for low income Massachusetts residents like Plaintiff. In these days and times, the public interest will be well served by ordering this relief and enforcing those intentions of Congress, and federal regulations.

THEREFORE Plaintiff respectfully requests this relief and any and all other relief deemed fair and just.

Respectfully submitted by: *[signature]*

Heidi K. Erickson, *pro se*     *I signed herein attesting that the above paragraphs are true under the pains and penalties of perjury.*

*April 22nd, 2004*

# *EXHIBIT 1*
*East Boston District Court*
*Notice of Summary Process Summons and Complaint*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUMMARY PROCESS SUMMONS AND COMPLAINT

District Court _____ Department       Docket No. _____

East Boston _____ Division            Entry Date Monday   May 3, 2004

Suffolk _____, ss.

**THIS IS A COURT NOTICE OF A PROCEEDING TO EVICT YOU — PLEASE READ IT CAREFULLY**

IMPORTANTE: ESTE DOCUMENTO ES UNA NOTICIA DE UNA CORTE, RESPECTO A
PROCEDIENTES PARA DESALOJARLE

TO: Heidi K. Erickson

ADDRESS: 1077 Shirley Street          CITY: Winthrop, Mass   ZIP: 02152

You are hereby summoned to appear before the Judge of the Court at the time and place listed below:

DAY: Thursday            DATE: May 13, 2004            TIME: 9:00 AM

COURT LOCATION: East Boston Court 37 Meridian Street East Boston   ROOM: _____ to answer the complaint of:

LANDLORD/OWNER: David A. Somers & Norma B. Somers

STREET: 35 Christie Murphy Drive       CITY: Stoughton, Mass   ZIP: 02072

that you occupy the premises at 1077 Shirley Street Winthrop, Mass 02152

being within the judicial district of this court, unlawfully and against the right of said Landlord/Owner because

Non-payment of rent

and further, that $ 1,095.00 _____ rent is owed according to the following account:

**ACCOUNT ANNEXED**

April 2004 rent $1,095.00

**PAUL F. MAHONEY**
First or Chief Justice

_signatures_
Clerk / Magistrate

_Norma Somers_
Signature of Plaintiff or Attorney

April 21, 2004
Date of Signature of Plaintiff or Attorney

A TRUE COPY ATTEST

_Pasquale DeFeo_
PASQUALE DeFEO, JR.
SPECIAL CONSTABLE
Address: TOWN OF WINTHROP

781-436-3488
Telephone Number of Plaintiff or Attorney

---

NOTICE TO OCCUPANTS: At the hearing on Thursday May 13, 2004, you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. (Answer form 2 is available in the clerk's office.) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. The answer must be received by the court clerk and received by the landlord (or the landlord's attorney) no later than the first Monday after the Monday entry day. (Monday May 10, 2004)

---

IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THIS COMPLAINT.

NOTIFICATION PARA LAS PERSONAS DE HABLA HISPANA: SI USTED NO PUEDE LEER INGLES TENGA ESTE DOCUMENTO LEGAL TRADUCIDO CUANTO ANTES.

Summary Process Form 1 (amended 3/01)                                                                      OVER
Form 2427 Hobbs & Warren

# *EXHIBIT 2*
*Letter from Congress of the United States*
*April 15th, 2004*
*To HUD*

# Congress of the United States
## Washington, DC 20515

April 15, 2004

Honorable Alphonso Jackson
Secretary
US Department of Housing and Urban Development
451 Seventh Street, SW
Washington, DC 20410

Dear Secretary Jackson:

We are writing regarding the Department of Housing and Urban Development's (HUD) interpretation of the Section 8 renewal formula language in the FY 2004 Omnibus Appropriations conference report. We are concerned that this interpretation could leave the Section 8 program drastically under funded in Massachusetts.

As you know, the statutory provision language that states:

"Provided, That notwithstanding any other provision of law, the Secretary shall renew expiring section 8 tenant-based annual contributions contracts for each public housing agency, ... based on the total number of unit months which were under lease as reported on the most recent end-of-year financial statement submitted by the public housing agency to the Department, or as adjusted by such additional information submitted by the public housing agency to the Secretary as of August 1, 2003 (subject to verification), and by applying an inflation factor based on local or regional factors to the actual per unit cost..."

We have learned that the Department plans to implement this provision based on an interpretation that would fix unit months as of August 1, 2003 while adjusting for inflation using Annual Adjustment Factors, rather than on available actual cost data which HUD is required to collect on a quarterly basis. We strongly believe that this interpretation is contrary to Congressional intent.

Specifically, the conference report expressly allows the Department to use the central fund to cover increases in PHAs' unit months subsequent to August 1, 2003 for all authorized units. In addition, the conference report states that the central fund may not be used to fund increases in per unit costs, "...as such costs have already been reflected in the amount provided for renewals...." This is consistent with an increase of more than $1 billion in direct appropriations for voucher renewal in FY 2004. Because the conference report prohibits the Department from resorting to the central fund to pay for renewals, the formula must reflect the most accurate unit cost of vouchers in order to ensure the renewal of every authorized voucher.

PRINTED ON RECYCLED PAPER

In Massachusetts, it is estimated that if HUD implements this renewal formula more than 2,700 current voucher holders will lose their housing assistance this year. These individuals and families, many of whom may be on fixed incomes, will have to choose between paying substantially more than they can afford for their housing, be forced into the state's already overburdened shelter system, or end up on the street. HUD's interpretation will also result in a recapture of approximately $5.6 million in critical housing funding from Massachusetts in FY 2004.

Congress has provided HUD with the funding necessary to renew all of the Section 8 vouchers that have been authorized, based on actual per unit costs throughout FFY 2004. It is the responsibility of the Department to implement the law so that the local housing agencies can serve the maximum number of families possible with the amount of funding appropriated. We are deeply concerned that the Department is not using the discretion and resources provided by Congress to fulfill this responsibility.

We strongly urge you to implement the voucher renewal formula in such a way that will avoid cutting off housing assistance for thousands of low-income families in Massachusetts and throughout the nation. Thank you for your attention to this important issue. We look forward to hearing from you soon.

Sincerely,

_____
Edward M. Kennedy
United States Senator

_____
John F. Kerry
United States Senator

_____
Michael E. Capuano
Member of Congress

_____
Edward J. Markey
Member of Congress

_____
Barney Frank
Member of Congress

_____
Richard E. Neal
Member of Congress

_____
John W. Olver
Member of Congress

_____
Martin T. Meehan
Member of Congress

_[signature]_
John F. Tierney
Member of Congress

_[signature]_
William D. Delahunt
Member of Congress

_[signature]_
James P. McGovern
Member of Congress

_[signature]_
Stephen F. Lynch
Member of Congress

cc: Governor Mitt Romney

# *EXHIBIT 3*

*Boston Globe, April 17th, 2004, Section B (Region-Local), page 6*
*'Relief expected for Section-8 cut'*
*By Matthew Rodriguez*

# Relief expected for Section 8 cut

## Voucher program to get $2.6 million

By Matthew Rodriguez
GLOBE CORRESPONDENT

The federal government is freeing up about $2.6 million, hoping to avert the threatened loss of 2,000 housing vouchers for low-income Massachusetts residents, an official with Governor Mitt Romney's administration said yesterday.

Romney's development aide, Douglas Foy, told a standing-room only crowd at a State House hearing that the $2.6 million is "a significant part of a solution."

Foy's disclosure was made at a hearing that several members of the state's congressional delegation and about 2,000 housing advocates attended to protest a retroactive $3.15 million federal cut to Section 8 housing vouchers for the current fiscal year.

Romney, in separate letters this week to Alphonso R. Jackson, secretary of the US Department of Housing and Urban Development, and members of the congressional delegation, attributed the retroactive cuts to the federal government's interpretation of language in the federal budget for the current fiscal year. Foy suggested that the wording be clarified.

"We still have a long-term problem of how this can be interpreted going forward," Foy said.

US Representative Barney Frank of Newton said Foy's announcement was a temporary solution.

"It's better than nothing, but it's not good enough because it's short term," Frank said. He urged Romney to seek long-term assurance from President Bush on the issue.

A spokeswoman for the governor said the administration was encouraged by news of the $2.6 million allocation. "We will continue to work with the federal government and our congressional delegation until we reach a satisfactory solution that preserves the housing for these people," said Shawn Feddeman, a spokeswoman for the governor.

Section 8 is a federal program that provides housing vouchers for low-income people and families. About 18,000 households in Massachusetts that would be the first affected by the change have their vouchers administered through the state; about 49,000 others receive them from local housing authorities.

Despite the $2.6 million, some Section 8 recipients could still lose vouchers, though a spokeswoman for the state's Department of Housing and Community Development said it is not known how many might be affected.

Louise M. Bowler, 43, of East Boston, attended the hearing and said she began receiving a Section 8 voucher in March 2003. "I'm scared of losing it because I don't know what I would do," she said. "I would probably end up without housing."

A spokeswoman for the US Department of Housing and Urban Development New England Region said about $2 million will be transferred from the Moving to Work Program to the housing program. An additional $600,000 will come from Mainstream Program Vouchers, according to Kristine G. Foye, spokeswoman for the department. She said the department is urging the state to use administrative reserve fees to cover the remainder.

"HUD strongly suggests DHCD use $500,000 in excess administrative fees to make up the difference, so no families will be terminated from the program," Foye said.