UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON,            )
            Plaintiff,        )
                             )
            v.                )  C.A. No. 04-10629-DPW
                             )
DAVID SOMERS, et al.          )
            Defendants.       )


ORDER ON MOTION FOR RECONSIDERATION,
AMENDED MOTION FOR PRELIMINARY INJUNCTION, AND
EMERGENCY VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, plaintiff's motion for
reconsideration, amended motion for a preliminary injunction, and
emergency verified motion for a temporary restraining order are
denied and this action shall be dismissed.  Plaintiff is also
directed to demonstrate good cause why she should not be sanctioned
in the amount of $150.00 and enjoined from further filings in this
Court without leave of Court.

BACKGROUND

On March 31, 2004, plaintiff Heidi Erickson filed an
application to proceed in forma pauperis; a complaint; a verified
motion for a temporary restraining order; a request for a preliminary
injunction; a request for oral argument; and a memorandum of law.  In
her original complaint, Erickson claimed that she was the recipient
of a Section 8 housing voucher and that the defendants, two housing

authorities and their employees,[1] had refused to "suspend" the expiration date of her voucher while considering her various requests for approval of leases.  Complaint p. 1-6.  She contended that her current housing voucher had expired, that she needed the voucher to pay her April 2004 rent, and that without a valid voucher she would be "subjected to eviction, homelessness, and the loss of protections guaranteed by the Constitution."  Motion for Temporary Restraining Order ¶ 1.

On April 1, 2004, I denied Erickson's motions for injunctive relief on the grounds that it appeared that Erickson had sought review of these claims in at least three state courts and, in any event, had failed to demonstrate irreparable harm.  Docket No. 9. I also directed that summonses <u>not</u> issue so that I could complete a preliminary screening of the complaint pursuant to Section 1915(e)(2).

Since that time, Erickson has filed a number of documents in this action including:  (1) a motion for reconsideration of the denial of injunctive relief; (2) an affidavit in support of that motion; (3) a verified amended emergency motion for a preliminary

---

[1]In the original complaint, Erickson named (1) the Cambridge Housing Authority ("CHA"); (2) the Executive Director of the CHA; (3) the Leasing Director of the CHA; (3) the Executive Director of Resources for Communities and People ("RCAP"); (4) the Director of Rental Assistance at RCAP; (5) the Program Representative of RCAP and (6) RCAP itself.

injunction; (4) a verified amended complaint; and (5) an emergency verified motion for a temporary restraining order or, in the alternative, for a hearing before May 3, 2004.  Docket Nos. 10-11, 14-16.

In these motions, Erickson challenges the Court's bases for denying injunctive relief, and asserts that she has been served with a notice of eviction proceedings.  Docket Nos. 11, 16.  In her most recently filed "emergency" motion, Erickson claims that the summons for these eviction proceedings has an entry date of May 3.  Docket No. 16 (Exhibit A).  The summons lists a hearing date of May 13, 2004.  Id.

In her Amended Complaint, Erickson now names her current landlords and their agent (collectively, the "Somers") as defendants along with the CHA, the Director of the CHA, and the Director of Leasing at the CHA.[2]  She asserts claims pursuant to the Fair Housing Act, the Americans with Disabilities Act; Section 1983, and common

---

[2]The Amended Complaint no longer names four defendants named in the original complaint:  Karen Koller, Carl Allen, Wendy Amanta, and Resources for Communities and People.  It also contains different theories of liability.  The original complaint was styled as a Section 1983 complaint based on alleged violations of Erickson's right to privacy, the Fifth and Fourteenth Amendments, the ADA, the FHA, as well as claims under the Massachusetts Declaration of Rights and common-law.  Compl. (Counts I-XVII).  The Amended Complaint purports to bring claims pursuant to the FHA, the ADA, and under Section 1983 for "conspiracy" and for "violation" of the FHA and the ADA along with common-law claims for negligent and intentional emotional distress.  Amended Compl. (Counts I-VIII).

3

law.  Amended Compl. ¶¶ 9-89.

ANALYSIS

I.  <u>The Motion For Reconsideration</u>

Erickson seeks reconsideration of the order denying her first request for injunctive relief in this action.  That order observed that Erickson had failed to give notice of her application to any of the defendants.  The order also stated that Erickson had failed to establish a likelihood of success on the merits because, by her own admission, she had presented her claims to at least three state courts, and because, in any event, she had failed to demonstrate irreparable harm.

Erickson claims that the April 1, 2004 Order denying injunctive relief is in error because (1) not all of the defendants were named in each state action, and in the action filed by her in Middlesex Superior Court, she named only three of the defendants and she later voluntarily dismissed the action after that court denied her motion for a temporary restraining order; and (2) she raises claims here that she did not raise in any of the state actions.  She also reasserts her belief that she will suffer irreparable harm, and claims that she has now given proper notice by sending a copy of her motion for reconsideration to the defendants.

Motions for reconsideration under Rule 59(e) may be entertained if they seek to correct manifest errors of law or fact, present newly

4

discovered evidence, or apprise the court of an intervening change in the law. Fed. R. Civ. P. 59(e). A motion pursuant to Rule 59(e) may not present a new legal theory because the motion seeks "reconsideration, not initial consideration." FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citations omitted). Thus, parties may not use Rule 59(e) motions to "raise arguments which could, and should, have been made before judgment issued." Id.

Simply put, none of the arguments raised by Erickson warrant the granting of her motion for reconsideration. Erickson's failure to give notice to the defendants of her ex parte motion for injunctive relief cannot be cured after the fact. Nor do Erickson's assertions about her previous state court litigation, which by her own admission, included at least some of the claims now asserted here, affect my assessment of Erickson's likelihood of success on the merits.[3] See, e.g., Planet Earth Entertainment, Inc. v. Edwards, 84 F.Supp.2d 891, 895-901 (S.D. Ohio 1999) (denying TRO, in part, based on res judicata and Rooker-Feldman doctrine for failure to

---

[3] I simply note, without deciding, that the doctrine of res judicata acts to bar the re-litigation of issues that were or could have been raised in the prior action and that the doctrine may be applied to bar claims against parties not named in the prior action. See, e.g., Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001); Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (nonmutual claim preclusion is an expansion of res judicata doctrine that abandons the requirement of mutuality, permitting a non-party to a prior action to raise the defense of res judicata).

demonstrate likelihood of success on the merits where certain claims appeared to have been previously decided by state courts); <u>cf. Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987) (at an irreducible minimum, a plaintiff must demonstrate a fair chance of success on the merits or questions serious enough to require litigation).

II.    <u>The Court May Screen This Action</u>

When a plaintiff seeks to file a complaint without prepayment of the filing fee, issuance of summonses can be stayed to permit the Court to conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.  <u>See</u> 28 U.S.C. § 1915.  A district court may dismiss a complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> "at any time" if the allegation of poverty is untrue, or the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  28 U.S.C. § 1915(e)(2); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)).

1.    <u>Allegation of Poverty</u>

If a court determines that a litigant's allegations of poverty are untrue, the court may dismiss the action with prejudice.  28 U.S.C. § 1915(e)(2)(A); <u>Romesburg v. Trickey</u>, 908 F.2d 258, 260 (8th

6

Cir. 1990) (affirming dismissal with prejudice for failing to include
certain financial information, interpreting former section 1915(d));
Atwell v. Reese, 530 F.Supp. 314, 315 (D. Ala. 1981) (dismissing).

Here, Erickson has commenced numerous actions in this Court,
all of which have been filed in forma pauperis.[4]  Yet in her recently
submitted affidavit in support of her motion for a preliminary
injunction, Erickson attempts to establish irreparable harm by
claiming that she has spent nearly $1600.00 on improvements to the
rental property at issue here, an assertion that appears completely
at odds with the allegations of poverty in her application to proceed

---

[4]Erickson v. Harvard Univ., et al., C.A. No. 94-12472-RGS
(dismissing, IFP granted) aff'd, No. 95-1335 (1st Cir. Aug. 17,
1995); Erickson v. Harvard Univ., et al., C.A. No. 95-10698-
PBS (dismissing action removed by defendants; Erickson
enjoined from filing future suits against defendants) appeal
dismissed, No. 95-2368 (1st Cir. Apr. 30, 1996); Erickson v.
Desouza, C.A. No. 95-10863-JLT (dismissing action removed by
Erickson, IFP granted); Erickson v. Mass. Committee for Public
Counsel Servs., et al., C.A. No. 95-12575-JLT (dismissing, IFP
granted); Maziarz, et al. v. Erickson, C.A. No. 96-10719-MLW
(dismissing action removed by Erickson, IFP granted); Erickson
v. Cambridge/Somerville Elder Servs., C.A. No. 00-12523-EFH
(dismissing § 2254 petition, no filing fee paid); Erickson v.
Viola, et al., C.A. No. 01-11135-DPW (dismissing action
removed by Erickson; IFP granted); Bersani v. Erickson, C.A.
No. 02-10918-JLT (dismissing action removed by Erickson, IFP
granted); Erickson v. Bersani, et al., C.A. No. 02-11580-JLT
(dismissing, IFP granted); Erickson v. Kovacev, C.A. No. 03-
10438-DPW (dismissing action removed by Erickson, IFP
granted); Erickson v. Administrative Office, et al., C.A. No.
03-10460-DPW (IFP granted, pending); Erickson v. Reilly, et
al., C.A. No. 03-10785-RCL (IFP granted, pending); Erickson v.
Watertown Health Dep't, et al., C.A. No. 03-10999-RCL
(dismissing, action removed by defendants), aff'd, No. 03-2207
(1st Cir. Feb. 25, 2004) (IFP granted for appeal).

in forma pauperis.  Docket No. 11 (Affidavit ¶ 6).

Because I now have serious concerns about the truthfulness of plaintiff's assertions of poverty, I will direct Erickson to demonstrate good cause why her in forma pauperis status should not be revoked and why she should not be ordered to pay a sanction of at least $150.00 to this Court.  See, e.g., Moreland v. Hu-Friedy Mfg., Co., No. 95 C 4373, 1997 WL 543066, at *5 (N.D. Ill. Aug. 29, 1997) (plaintiff sanctioned $150.00 for filing intentionally false financial affidavit).

For the reasons stated below, I am also directing her to demonstrate good cause why she should not be enjoined from future filings in this Court.  Because her claims are in any event subject to dismissal, I will also dismiss this action and deny her pending motions for injunctive relief.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (when a complaint is premised on an indisputably meritless legal theory or factual allegations that are clearly baseless, the Court may dismiss the complaint sua sponte and without notice).

III.  Claims Not Alleged In An Amended Complaint Are Waived

The amended complaint filed by Erickson omits certain defendants and claims previously named or alleged in her original complaint.  Because all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived, I

will only consider the claims alleged in the amended complaint. <u>Cicchetti v. Lucey</u>, 514 F.2d 362, 366 n. 5 (1st Cir. 1975) (an amended complaint normally is treated as completely replacing the former pleading); <u>accord</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (affirming; amended complaint superseded <u>pro</u> <u>se</u> litigants' original complaint); 6 Wright & Miller, et al. <u>Federal Practice & Procedure</u> § 1476 (1990) (once an amended pleading is interposed, the original pleading no longer performs any function in the case).

IV.  <u>The Amended Complaint Is Subject to Dismissal</u>

A.  <u>Plaintiff Has Failed to State a Fair Housing Act Claim</u>

1.  <u>Section 3604(a)</u>

Plaintiff appears to contend that the actions of the Somers violated the anti-discrimination provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, <u>et seq.</u> (the "FHA").  Amended Compl. ¶ 11 (referring to 42 U.S.C. § 3604(a)(1)).  Erickson states that these defendants discriminated against her "due to her status as a recipient of public assistance." Amended Compl. ¶ 11.

Section 3604(a)(1) prohibits parties from refusing to rent a dwelling to any person because of "race, color, religion, sex, familial status, or national origin."  By their own terms, neither

Section 3604(a)(1) nor Section 3604(f)[5] prevents parties from refusing to rent a dwelling or for making a dwelling unavailable based on a tenant's economic status.  <u>See, e.g.</u>, <u>Salute v. Stratford Greens Garden Apartments</u>, 136 F.3d 293, 302 (2d Cir. 1998) (economic discrimination, such as refusal to accept Section 8 housing program tenants, is not cognizable as failure to make reasonable accommodations in violation of Fair Housing Amendments Act (FHAA)); <u>accord</u> <u>Brighton Village Nominee Trust v. Malyshev</u>, No. Civ. A. 00-CV-12311-G, 2004 WL 594974 at *6 (D. Mass. Mar. 23, 2004) (dismissing where tenants seeking waiver of voucher policies were actually seeking increased economic assistance rather than an accommodation of their disabilities).  Thus, Erickson's claims are subject to dismissal.  <u>Salute</u>, 136 F.3d at 302.

> 2.  There Is No Private Right
>      <u>of Action Under 42 U.S.C. § 1437</u>

In 1974, the Section 8 Housing Program was created by an amendment to the Housing Act of 1937, <u>Langlois v. Abington Hous. Auth.</u>, 207 F.3d 43, 45 (1st Cir. 2000), and in 1998, the Act was amended again by the Quality Housing Work and Responsibility Act. <u>Id.</u>  Under the Section 8 Existing Housing Program, the Department of Housing and Urban Development ("HUD"), authorizes local public

---

[5]Section 3604(f), a provision not cited by plaintiff, refers to discrimination in the sale or rental of a dwelling based on a person's handicap.  <u>See</u> 42 U.S.C. § 3604(f)(1), (2).

housing authorities to issue federally-funded vouchers to eligible low-income families. 42 U.S.C. § 1437f(b). A Section 8 voucher entitles a family to have the local housing authority pay a portion of its rent directly to its landlord, provided the landlord meets certain eligibility requirements. Id. Under HUD's supervision, the local housing authority determines which applicants receive the vouchers and which privately-owned residences meet the eligibility requirements for leasing to Section 8 applicants. § 1437f(c), (o).

Section 1437 contains only a broad declaration of housing policy which Congress did not intend to be transformed into a private right of action for monetary damages. Furtick v. Medford Hous. Auth., 963 F. Supp. 64, 71 (D. Mass. 1997); accord Perry v. Hous. Auth. of Charleston, 664 F.2d 1210, 1217-1217 (4th Cir. 1981) (same); Edwards v. District of Columbia, 628 F. Supp. 333, 340 (D. D.C. 1984), aff'd, 821 F.2d 651 (D.C. Cir. 1987) (same); Thompson v. Binghampton Hous. Auth., 546 F. Supp. 1158, 1181-1183 (N.D.N.Y. 1982). Thus, to the extent that plaintiff brings claims directly under Section 1437, her claims must be dismissed. Furtick, 963 F. Supp. at 71.

B.  The Americans With Disabilities Act Claims

Erickson's Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA") claims against the Somers fail because an apartment is not a "place of public accommodation" under the ADA,

11

individuals are not liable under subchapter II of the ADA, and because she has failed to allege adequately that she is a qualified individual with a disability.[6]

1. <u>The Claims Against the Somers</u>

Section 12182(a)[7] of Title III of the ADA prohibits discrimination in public accommodations by private entities. Section 12181(7)(A) defines "public accommodation" as including "an inn, hotel, motel, or other place of lodging." However, the legislative history of the ADA clarifies that "other place of lodging" does <u>not</u> include residential facilities, such as apartments. <u>Indep. Hous.</u>

---

[6]The ADA is divided into four subchapters. Subchapter I prohibits discrimination on the basis of disability in employment, <u>see</u> 42 U.S.C. §§ 12111-12117; Subchapter II applies to the provision of public services, <u>see</u> 42 U.S.C. §§ 12131-12165; and Subchapter III applies to places of public accommodation. <u>See</u> 42 U.S.C. §§ 12181-12189. Subchapter IV sets out various miscellaneous provisions. <u>See</u> 42 U.S.C. §§ 12201- 12213.

Erickson states that she brings her claims against the defendants under Section 12202 of the ADA. That Section contains a waiver of state immunity which has been found to be unconstitutional by several courts, <u>see, e.g.</u>, <u>Wessel v. Glendening</u>, 306 F.3d 203, 213 (4th Cir. 2002), and is not applicable here.

[7]Section 12182(a) provides that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Servs.v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 n. 14 (N.D. Cal. 1993); accord Radivojevic v. Granville Terrace Mut. Ownership Trust, No. 00 C 3090, 2001 WL 123796, at *3 (N.D. Ill. Jan. 31, 2001) (dismissing, apartments and condominiums not covered).  Thus, because no place of "public accommodation" is at issue, the claims against the Somers must be dismissed.  See Aikins v. St. Helena Hosp., 843 F. Supp 1329, 1335 (N.D. Cal. 1994) (dismissing, Title III provides for individual liability only for persons who own, lease (or leases to) or operates a place of public accommodation).

   2.   The Claims Against Cambridge
        Housing Authority and Its Employees

     To the extent that Erickson brings Title II claims against defendants Wuenschel and Johnston in their individual capacities, the claims are subject to dismissal because Title II does not provide for liability against officials in their individual capacities. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); accord Mitchell v. Massachusetts Dept. of Correction, 190 F. Supp. 2d 204, 211 (D. Mass. 2002) (same); Navedo v. Maloney, 172 F. Supp. 2d 276, 289 (D. Mass. 2001) (same).

     To the extent that Erickson brings ADA claims the CHA and Johnston and Wuenschel in their official capacities, the claims are also subject to dismissal.  In order to state a claim for a violation of Section 12132, a party must allege that she is (1)

13

a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of her disability. <u>Mitchell</u>, 190 F. Supp. 2d at 211.

Plaintiff has failed sufficiently to allege that she is a qualified individual with a disability as that term is defined pursuant to the ADA.  The Amended Complaint contains no allegations about Erickson's alleged disability.  See <u>McDonald v. Commonwealth</u>, 901 F. Supp. 471, 478 (D. Mass. 1995) (dismissing where plaintiff alleged no underlying facts to support claim that he was "qualified individual with disability").

C.  <u>The Section 1983 Claims</u>

1.  <u>The ADA and the FHA</u>

To the extent that Erickson's Section 1983 claims are premised on a theory of a violation of the ADA rather than a specific Constitutional right, her claims must be dismissed.  Courts repeatedly have held that in enacting the ADA, Congress established a comprehensive scheme that was to be enforced separately rather than as a federal law violation underlying a Section 1983 action.  See <u>Alsbrook</u>, 184 F.3d at 1011 (stating that the comprehensive enforcement mechanisms provided under Title II of the ADA suggest

14

that Congress did not intend violations of those statutes to be also cognizable under § 1983); accord Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997) (holding that a plaintiff may not maintain a section 1983 action in lieu of, or in addition to, an ADA cause of action under Title I).  Moreover, as discussed above, Erickson has, in any event, failed to state an ADA claim.

Similarly, even assuming that a Section 1983 action may be based on a violation of the FHA, Erickson's claims under Section 3601(a) fail for the reasons discussed above.

To the extent that Erickson bases her Section 1983 claims on a violation of Sections 1437f(t) (describing enhanced vouchers) and 1437f(o)(1)(A) (describing the voucher program), see Amended Compl. ¶¶ 12-17, neither of these sections appears to be violated based on the allegations of the Amended Complaint.  42 U.S.C. § 1437f(o)(1)(A); § 1437f(t); see generally People to End Homelessness, Inc. v. Develco Singles Apartments Assocs., 339 F.3d 1, 5-7 (1st Cir. 2003) (describing enhanced voucher provisions).[8]

---

[8]Prior to 1998, Section 1437f(t) prohibited discrimination in the selection of Section 8 tenants, and was known as the "Take-one, Take-all" provision.  This provision did not require an owner to accept a Section 8 tenant if the owner had never participated in the Section 8 program, but prohibited owners who participated in the Section 8 program from refusing to rent to people because they were Section 8 certificate holders.  The "Take-one, Take-all provision" was suspended in 1996 and was repealed as part of the Quality Housing and Work Responsibility Act of 1998 because Congress believed that the provision was having the unintended effect of discouraging

2.  Alleged Conspiracy

Finally, if Erickson bases her Section 1983 claims on a general theory of "conspiracy", see Amended Compl. (Count V), she has failed to state a claim for relief.[9]  Erickson appears to allege that the defendants were engaged in a conspiracy whereby the CHA, Wuenschel, and Johnston gave unspecified "private" information about her to the Somers, who in turn, decided not to lease an apartment to her.

---

landlords from accepting their first Section 8 tenant.  See generally Salute, 136 F.3d at 297-299 (describing repeal of former § 1437f(t)).

[9]On page 2 of the Amended Complaint, Erickson refers to Section 1985, but does not refer to this section again in her Amended Complaint.  Even construing plaintiff's complaint liberally as this Court must, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), Erickson has failed to state a claim under this section.

Section 1985 of title 42 concerns conspiracies to violate civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

In view of the fact that plaintiff has made no allegation which even inferentially indicates that any defendant has conspired against her in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus, plaintiff's claims under Section 1985 must be dismissed.  Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); see Romero-Barcelo v. Hernandez Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

16

Amended Compl. ¶¶ 21-40.  Setting aside the fact that the latter
assertion appears to be belied by the fact that Erickson now claims
in her application for a temporary restraining order that the Somers
have initiated eviction proceedings against her, Erickson's claims
fail because she has not alleged the deprivation of any right.

A Section 1983 conspiracy is defined as a combination of two or
more persons acting in concert to commit an unlawful act, the
principal element of which is an agreement between the parties "to
inflict a wrong against or injury upon another"  and "an overt act
that results in damages." Earle v. Benoit, 850 F.2d 836, 844 (1st
Cir. 1988) (citations omitted).  A plaintiff alleging a Section 1983
conspiracy must establish "an actual deprivation of a right secured
by the Constitution and laws" Torres v. Superintendent of the Police
893 F.2d 404, 410 n. 8 (1st Cir. 1990) (citations omitted).  It is
the plaintiff's burden to identify the specific constitutional right
infringed. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001).
Purely conclusory allegations of conspiracy are not adequate to state
a claim. See Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

Erickson bases her conspiracy claims on the alleged violation
of her First Amendment rights.  Amended Compl. ¶ 24. However, her
bare and conclusory allegations that "private" information was
discussed amongst these defendants, without more, do not implicate
any First Amendment right. See, e.g., Police Dep't of Chicago v.

17

Mosley, 408 U.S. 92, 95 (1972) ("the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content."); Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983) ("the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.").

D.   The Remaining State-Law Based Claims

Because plaintiff's federal claims are being dismissed against defendants, grounds do not exist for independent federal subject-matter jurisdiction over plaintiff's state law claims.  Of course, in the absence of such jurisdiction, the Court may still exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(a).  The exercise of such jurisdiction, however, is discretionary, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial.  Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997).

18

V.   The Motions For Injunctive Relief

Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is not eligible for interim injunctive relief.  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).  Thus, a request for injunctive relief may be denied for failing to demonstrate a likelihood of success standing alone.  See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).  For the reasons stated above, the Amended Complaint is ripe for dismissal and Erickson has failed to establish a likelihood of success on the merits for her motion for a preliminary injunction and her second motion for a temporary restraining order.  New Comm Wireless Servs., Inc., 287 F.3d at 13.[10]

VI.  Abusive Litigants May be Enjoined
     From Filing Claims Without Leave of Court

On more than one previous occasion, Erickson has been advised

---

[10]I note that there are myriad other reasons why injunctive relief should not issue, among them, the applicability of the Anti-Injunction Act to the non-Section 1983 claims.  28 U.S.C. § 2283 (federal court may not grant an injunction to stay proceedings in state court unless one of three narrowly defined exceptions are met); Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988) (§ 2283 acts as an absolute prohibition against enjoining state court proceedings).

of this Court's authority to enjoin litigants who abuse the processes
of the Court.  See, e.g., Erickson v. Harvard Univ., et al.,
C.A. No. 95-10698-PBS (dismissing action removed by
defendants; Erickson enjoined from filing future suits against
defendants) appeal dismissed, No. 95-2368 (1st Cir. Apr. 30,
1996); Erickson v. Bersani, et al., C.A. No. 02-11580-JLT
(plaintiff directed to demonstrate good cause why she should
not be enjoined; action dismissed under § 1915(e)(2));
Erickson v. Nahigan, et al., C.A. No. 02-10918-JLT (plaintiff
advised of Court's authority to enjoin).

A district court has the power to enjoin litigants who
abuse the court system by filing groundless and vexatious
litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871,
at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v.
Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).
The repeated filing of factually and legally deficient actions
may be considered a burden on the Court's time and resources
warranting injunctive relief.  See Castro v. United States,
775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme
circumstances involving groundless encroachment upon the
limited time and resources of the court and other parties, an
injunction barring a party from filing and processing
frivolous and vexatious lawsuits may be appropriate."); accord

Gordon v. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977)

(per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078

(1st Cir. 1980) (same).

A district court also has the inherent power to manage

its own proceedings and to control the conduct of litigants

who appear before it through orders or the issuance of

monetary sanctions for bad-faith, vexatious, wanton or

oppressive behavior.[11]  See Chambers v. Nasco, Inc., 501 U.S.

32, 46-50 (1991); accord United States v. Kouri-Perez, 187

F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v.

L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998)

(district court did not abuse its discretion in ordering

dismissal of complaint and default judgment as a sanction for

plaintiff's protracted delay and repeated violation of court's

order under inherent powers rather than Rule 41); Alexander v.

---

[11]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation.  Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995); accord Alexander, 121 F.3d at 315-316 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist).  Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Service Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit.  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation).

Where a party's behavior is an abuse of the processes for the administration of justice, the Court may issue an order to the Clerk of Court that the Clerk not file documents presented to the Clerk by that party absent leave by a judge of this Court; a party may also be prevented from litigating claims against a certain defendant. Castro, 775 F.2d at 408 (per curiam); Gordon, 558 F.2d at 618 (per curiam); Pavilonis, 626 F.2d at 1078.

Here, plaintiff has vexatiously filed meritless action after meritless action in this Court, and in many of these cases, has asserted an alleged need for emergency relief, requiring this Court to divert resources to advance and decide her claims out of order. It appears that an order enjoining Erickson is necessary to avoid her abuse of this Court's process. Castro, 775 F.2d at 408 (per curiam); Gordon, 558 F.2d at 618 (per curiam); Pavilonis, 626 F.2d at 1078.

CONCLUSION

ACCORDINGLY,

(1) Plaintiff's motions (i) for reconsideration of the denial of injunctive relief (Docket No. 10); (ii) verified amended emergency motion for a preliminary injunction (Docket No. 14); and (iii)

emergency verified motion for a temporary restraining order or, in the alternative, for a hearing before May 3, 2004 (Docket No. 16) are DENIED.

(2) the Amended Complaint is DISMISSED for the reasons stated above; and

(3) Erickson shall demonstrate good cause, in writing, within 35 days of the date of this Memorandum and Order, why her in forma pauperis status should not be revoked and why she should not be ordered to pay a sanction of at least $150.00 to this Court.  She also shall demonstrate good cause, in writing, at that same time, why she should not be sanctioned or enjoined from future filings in this Court without leave of Court.

SO ORDERED.

Dated at Boston, Massachusetts, this 4th  day of  May , 2004.


s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

23