UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON,                   )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   C.A. No. 04-10629-DPW
                                     )
DAVID SOMERS, et al.,                )
                                     )
            Defendants.              )

ORDER ON PLAINTIFF'S MOTION FOR
CLARIFICATION AND RESPONSE TO ORDER TO SHOW CAUSE

On May 4, 2004, I denied plaintiff's motion for

reconsideration of the denial of her application for a temporary

restraining order and dismissed this action as lacking any

arguable basis in law.  See Docket No. 17.  I also ordered

plaintiff to demonstrate good cause within 35 days (1) why her in

forma pauperis status should not be revoked and why she should

not be sanctioned in the amount of at least $150.00; and (2) why

she should not be sanctioned or enjoined from further filings in

this Court absent leave of Court.

      Forty-one days later, on June 14, 2004, Erickson filed a

"Verified Motion or, In the Alternative, Request For

Clarification On Orders Issued on May 5th 2004 [sic]."[1]  In her

motion, plaintiff claims that she is "profoundly confused why

this Honorable Court keeps misstating issues of facts [sic]

despite the evidence presented attached as exhibits in her

_____

      [1]I have considered plaintiff's response despite the fact
that it is untimely.

pleadings unless there is discrimination, biased [sic] and or plain error." Motion, p.1. Rather than responding to my concerns about her history of filing frivolous actions in this Court, the entirety of the motion is devoted to a re-argument of her motion for injunctive relief and a statement of the reasons why she disagrees with this Court's dismissal of her claims. Motion ¶¶ 2-3, 7-9, 11-12. The motion is replete with specious accusations about this Court's alleged bias towards her and its alleged improper handling of her claims in this and other actions filed by her. Id. at ¶¶ 1-2, 7, 11-12.[2] Erickson fails to address this Court's expressed concern that she is abusing the federal judicial process. An order enjoining her from filing actions in this Court without prior approval of a judicial officer is necessary to stop her continued abuse of the process of this Court.

ANALYSIS

I.  Plaintiff's In Forma Pauperis Status

The benefit of proceeding in forma pauperis is granted as a privilege and not as a matter of right. Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). In enacting the in forma pauperis statute, Congress recognized that unlike a paying litigant, a litigant whose filing fees and court costs are assumed by the

---

[2]On June 21, 2004, plaintiff filed a "motion" attempting to correct typographical errors in her response. Nothing in that motion affects the substance of her response.

public lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits.  Neitzke v.

Williams, 490 U.S. 319, 324 (1989) (interpreting former §

1915(d)).  Thus, the in forma pauperis statute is designed to

discourage the filing of, and waste of judicial and private

resources upon, baseless lawsuits that paying litigants generally

do not initiate because of the costs of bringing suit.  Id. at

327.[3]

If a court determines that a litigant's allegation of

poverty is untrue, the court must dismiss the action with

prejudice.  28 U.S.C. § 1915(e)(2)(A) (stating that the court

"shall" dismiss if allegation of poverty is untrue); see

Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990)

(affirming dismissal with prejudice for failing, in bad faith, to

include certain financial information, interpreting former

section 1915(d)); Atwell v. Reese, 530 F. Supp. 314, 315 (D. Ala.

---

[3]A litigant seeking in forma pauperis status is not required
to demonstrate absolute destitution and is not required to forego
the necessities of life in order to pay the filing fee.  Adkins
v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948).
Conversely, however, if a litigant can afford the basic
necessities of life, in forma pauperis status is not mandated.
Diaz-Ojeda v. Toledo, 54 F.3d 764, 1995 WL 311724 at * 1 (1st
Cir. May 22, 1995) (affirming; payment of filing fee would not
deprive plaintiff of the necessities of life); cf. In re Stump,
449 F.2d 1297, 1298 (1st Cir. 1971) (stating that if an applicant
has the wherewithal to pay court costs, or some part thereof,
without depriving himself and his dependents (if any there be) of
the necessities of life, then he should be required, to "put his
money where his mouth is.").

1981) (same; dismissing).  Cf. Moreland v. Hu-Friedy Mfg., Co.,

No. 95 C 4373, 1997 WL 543066, at *5 (N.D. Ill. Aug. 29, 1997)

(plaintiff sanctioned $150.00 for filing intentionally false

financial affidavit).

Here, plaintiff was directed to explain to the Court the

obvious discrepancy between the assertions of financial indigence

contained in her application to proceed without prepayment of

fees in this action and the affidavit submitted with her motion

for injunctive relief which stated that she had spent

approximately $1600.00 on improvements to her apartment.  Her

admission that she was able to expend these funds was

inconsistent with the statements in her in forma pauperis

application, signed under penalty of perjury, that she was

unemployed, had less than $400.00 in a bank account, and could

not afford to pay the $150.00 filing fee for this action.

Application, p. 1-2.  Plaintiff's response to my concerns about

her financial indigence only repeats that she spent $1600 on the

apartment and is thus inapposite.[4]

Erickson failed to meaningfully respond to the order

_____

[4]Only one paragraph in the plaintiff's motion remotely
addresses the Court's concerns about plaintiff's financial
indigence.  After claiming that her physical labor alone is worth
at least $1500.00, but is more properly valued at $25,000,
Erickson states that she purchased "materials in excess of
$100.00 for direct purchases and others replaceable at
approximately $500 and a washer-dryer at nearly $1,000.00."
Motion ¶ 10.

directing her to demonstrate why her in forma pauperis status should not be revoked. However, I am unable on the present record to make a determination whether plaintiff's assertions of financial indigence are true. Because I will enjoin her from filing new filings absent leave of Court, I will not revoke plaintiff's in forma pauperis status in this action even though it is well within my authority to do so. See Assadd-Falts v. Univ. of South Carolina, 971 F. Supp. 985, 991 (D. S.C. 1997) (revoking plaintiff's IFP status for failing to demonstrate good cause why it should not be revoked). A further inquiry into plaintiff's indigency status will only prolong proceedings in this Court; in the future, plaintiff's filings will be subject to oversight by injunction in any event.

## II. Plaintiff Shall Be Enjoined From Filing New Actions In This Court Absent Leave of Court

As discussed in my May 4, 2004 Memorandum and Order, a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871, at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)). The repeated filing of factually and legally deficient actions may be considered a burden on the Court's time and resources warranting injunctive relief. See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving

groundless encroachment upon the limited time and resources of

the court and other parties, an injunction barring a party from

filing and processing frivolous and vexatious lawsuits may be

appropriate."); accord Gordon v. Dep't of Justice, 558 F.2d 618,

618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626

F.2d 1075, 1078 (1st Cir. 1980) (same).

A district court also has the inherent power to manage its

own proceedings and to control the conduct of litigants who

appear before it through orders or the issuance of monetary

sanctions for bad-faith, vexatious, wanton or oppressive

behavior.[5]  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50

(1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st

Cir. 1999) (same); John's Insulation, Inc. v. L. Addison &

Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did

not abuse its discretion in ordering dismissal of complaint and

default judgment as a sanction for plaintiff's protracted delay

and repeated violation of court's order under inherent powers

---

[5]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285 Serv. Employees Intern'tl v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995); accord Alexander, 121 F.3d at 315-316 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist).  Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Serv. Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

rather than Rule 41); <u>Alexander v. United States</u>, 121 F.3d 312,
315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500
pursuant to court's inherent authority for repetitious, meritless
litigation).  Thus, where a party's behavior is an abuse of the
processes for the administration of justice, a court may issue an
order to the Clerk of Court that the Clerk not file documents
presented to the Clerk by that party absent leave by a judge of
the Court. <u>Castro</u>, 775 F.2d at 408 (per curiam); <u>Gordon</u>, 558 F.2d
at 618 (per curiam); <u>Pavilonis</u>, 626 F.2d at 1078.

Here, as discussed in the May 4, 2004 Memorandum and Order,
Erickson has vexatiously filed meritless action after meritless
action in this Court.  A review of Erickson's litigation history
indicates that she has filed at least eighteen actions in this
court in the past decade.[6]  In nearly all of these cases, she has

---

[6]<u>See, e.g.</u>, <u>Erickson v. Commonwealth</u>, C.A. No. 94-10354-RWZ
(granting respondent's motion to dismiss); <u>Erickson v. Harvard
Univ.</u>, C.A. No. 94-12472-RGS (granting defendant's motion to
dismiss), <u>appeal dismissed</u>, No. 95-1335 (1st Cir. July 5, 1995);
<u>Erickson v. Harvard Univ., et al.</u>, C.A. No. 95-10698-PBS
(dismissing action removed by defendants; Erickson enjoined from
filing future suits against defendants) <u>appeal dismissed</u>, No. 95-
2368 (1st Cir. Apr. 30, 1996); <u>Erickson v. DeSouza</u>, C.A. No. 95-
10863-JLT (remanding to Middlesex Superior Court); <u>Erickson v.
Mass. Committee for Public Counsel Servs., et al.</u>, C.A. No. 95-
12575-JLT (dismissing under former § 1915(d)); <u>Maziarz, et al. v.
Erickson</u>, C.A. No. 96-10719-MLW (remanding); <u>Erickson v.
Cambridge/Somerville Elder Servs.</u>, C.A. No. 00-12523-EFH (§ 2254
petition dismissed with prejudice); <u>Viola v. Erickson</u>, C.A. No.
01-11135-DPW (remanding); <u>Erickson v. Nahigan, et al.</u>, C.A. No.
02-10918-JLT (remanding, plaintiff advised of Court's authority
to enjoin); <u>Erickson v. Bersani, et al.</u>, C.A. No. 02-11580-JLT
(plaintiff directed to demonstrate good cause why she should not
be enjoined; action dismissed under § 1915(e)(2)); <u>Erickson v.

asserted an alleged need for emergency relief, requiring this

Court to divert resources to advance and decide (and dismiss) her

claims out of order.

Indeed, most recently, Erickson filed three new actions in

this Court in the span of one week.[7]  In each action, Erickson

asserted an alleged need for immediate, injunctive relief.  On at

least one occasion, not only was injunctive relief simply not

warranted, no good-faith basis existed for the contention that

such relief was needed.

In Erickson v. Commonwealth, et al., C.A. No. 04-11607-DPW,

Erickson filed a complaint and a motion for a temporary

---

Kovacev, C.A. No. 03-10438-DPW (remanding; attempt to remove
housing court proceedings to this Court); Erickson v.
Administrative Office, et al., C.A. No. 03-10460-NMG (dismissing
ADA claims based on alleged discriminatory treatment in state
court proceedings); Erickson v. Reilly, et al., C.A. No. 03-
10785-RCL (pending; civil rights claims based on seizure of
cats); Erickson v. Watertown Health Dep't, et al., C.A. No. 03-
10999-RCL (removed action administratively dismissed on
abstention grounds; civil rights claims based on events
surrounding seizure of cats); Erickson v. Somers, C.A. No. 04-
10629-DPW (dismissing discrimination claims based on alleged
dissemination of information about plaintiff's notoriety to
prospective landlords), appeal filed, No. 04-1594; Erickson v.
Commonwealth, C.A. No. 04-11607-DPW (dismissing claims based on
alleged euthanasia of cats); Erickson v. CPCS, et al., C.A. No.
04-11659-RCL (claims about alleged ineffective legal assistance
at state criminal hearings for animal cruelty); Erickson v. State
Racing Comn'n, et al., C.A. No. 04-11660-WGY (civil rights claims
based on denial of stable employee license).

[7]Erickson v. Commonwealth, C.A. No. 04-11607-DPW (filed
7/19/04); Erickson v. CPCS, et al., C.A. No. 04-11659-RCL (filed
7/26/04); Erickson v. State Racing Comn'n, et al., C.A. No. 04-
11660-WGY (filed 7/26/04).

restraining order at 4:40pm.  In essence, she claimed that relief

was needed in the next 20 minutes, before the Clerk's Office

closed for the day.  See C.A. No. 04-11607-DPW Docket.  However,

to the contrary, a declaration submitted by the defendants

demonstrated that no such emergency existed, prompting the

defendants to file a motion seeking an order similar to the one

contemplated here.  After preliminary injunction briefing by the

parties addressed to the merits, I have dismissed that case today

finding it without an arguable in law.

It is painfully apparent that an order enjoining Erickson is

necessary to avoid her abuse of this Court's process.  Castro,

775 F.2d at 408 (per curiam); Gordon, 558 F.2d at 618 (per

curiam); Pavilonis, 626 F.2d at 1078; Chambers, 501 U.S. at 46-50

(1991); Kouri-Perez, 187 F.3d at 6-8.  Nothing in Erickson's

response provides any basis for not issuing such an order.

Indeed, the contentious and belligerent tone of that response and

Erickson's continuing pattern of filing frivolous actions with

false claims of immediate injury demanding instantaneous

injunctive relief more than demonstrate that such an order has

been long overdue.

CONCLUSION

ACCORDINGLY, Erickson's motion for clarification is DENIED,

and I find she has failed to demonstrate good cause why she

should not be enjoined by this Court.  It is hereby ORDERED that:

(1) If Heidi Erickson undertakes to file any additional papers in this Court, other than in an action already pending in this Court or in order to perfect an appeal from this Memorandum and Order, she shall file a written petition seeking leave to do so.  The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.  The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition, to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court; and

(2) A copy of this Memorandum and Order shall be distributed to each District Judge's session.

(3) Erickson is specifically instructed that any failure to comply with these requirements will result in sanctions which may include monetary fines.

SO ORDERED.

Dated at Boston, Massachusetts, this _16th_ day of _August_, 2004.

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE