UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04- 10629 DPW

HEIDI K. ERICKSON
Plaintiff

VS.

RECONSIDERATION OF ORDER ON MOTION
FOR PRELIMINARY INJUNCTON
AS PER FRCP 60(b)

DANIEL WUENSCHEL, et al.
Defendants

1. Plaintiff/Tenant/Appellant (which ever is appropriate and applies) relies upon the following: 1. attached 'Order of Court' issued on 12/30/04 by the First Circuit (Exh. 1) upon her requests for a Stay of Appeal which was filed 2. pursuant to Judge Woodlock's electronic notice failing to adjudicate her 3. FRCP 60(b) Motion/request entitled 'Reconsideration of Order on Motion for Preliminary Injunction as Per New Developments' filed on 10/26/04 (Exh. 2) wherein Judge Woodlock stated He has no jurisdiction and 4. Motion To Recuse in addition to 5. Motion For Change of Venue.

IN SUPPORT

2. The First Circuit states Judge Woodlock does in fact have jurisdiction "[Plaintiff] does not need permission from this court to seek [reconsideration] relief" citing *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979).

3. Plaintiff relies on her previously filed (October 2004) 'Reconsideration of Order on Motion for Preliminary Injunction as Per New Developments' seeking relief in multiple forms including emergency housing and protection of the environmental elements of New England's winter. Plaintiff *pro se's* referred to motion for reconsideration a clear 60(b) motion despite it being void of the numerical designation of the applicable FRCP.

4. Plaintiff relies upon this said Reconsideration and incorporates in herein.

5. Plaintiff also relies upon the said First Circuit's Orders issued 12/30/04 clarifying for both Judge Woodlock and *pro se* Plaintiff the procedure it considers proper for the next step in this adjudication process.

6. Plaintiff also relies upon her previously filed Motion To Recuse Judge Woodlock as it is clear to this Honorable Court of Judge Woodlock's "*serious concerns about the truthfulness of Plaintiff's assertions*" see Orders May 5th, 2004 and electronic Orders issued last an abuse of discretion evidencing not only misapplication of law but of bias, discrimination and capriciousness beyond repair. To do any other remedy that would not produce a Recusal and change of venue would prejudice Plaintiff maliciously, unnecessarily and irreparably.

7. Motion For Recusal of Judge Woodlock necessary and in reason while Plaintiff points to His malicious slander announced in His Orders issued on May 5th, 2004 denouncing her zealous and disabled attempts to access this court, fair and responsible adjudication Judge Woodlock libels her veracity directly labeling Plaintiff, seriously damages her case, livelihood and future adjudications (accessing of this Federal District Court) by His Orders restricting and compromising her current cases and filing, future cases and filings and her currently safety.

8. Judge Woodlock's findings totally based on his unsupported suspicions of Plaintiff's veracity seen by Judge Woodlock in an unbenounced uncompromising manner – requires fixing. Judge Woodlock continues to abuse and ridicule Plaintiff by condemning her zealous attempts to seek justice as "vehemently malicious" it is obvious that Judge Woodlock's words are a reflection of His thoughts.

9. The requirement of 28 U.S.C. sect 455(a) under which the standard is "'whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion ... but rather in the mind of the reasonable man.'" a significant one requiring Judge Woodlock to Recuse Himself.

THEREFORE, Plaintiff requests that a reconsideration of her FRCP 60(b) Motion be granted with an opportunity for Oral Argument heard by a different judge then Judge Woodlock in a different venue of Plaintiff's choice and upon her Original filings, including her original reconsideration and her filings of 10/26/04.

Also Plaintiff requests upon Judge Woodlock's Recusal that he vacate his Orders of May 5th, 2004.

RESPECTFULLY SUBMITTED BY

Heidi K. Erickson, *pro se 01/05/05*

*I attest that the information herein is true under the pains and penalties of perjury.*

*By signature herein I certify that I have caused service of this document upon Defendant's attorney of record John Egan at 800 Boylston St. Prudential Building.*

# United States Court of Appeals
## For the First Circuit

No. 04-1594

HEIDI ERICKSON,

Plaintiff, Appellant,

v.

DANIEL WUENSCHEL, ET AL.,

Defendants, Appellees.

Before

Selya, Lipez and Howard,
<u>Circuit Judges</u>.

ORDER OF COURT

Entered: December 30, 2004

   Insofar as appellant seeks relief from a final judgment in the district court, the proper vehicle for relief is Fed. R. Civ. P. 60(b). She does not need permission from this court to seek such relief. <u>Puerto Rico</u> v. <u>SS Zoe Colocotroni</u>, 601 F.2d 39, 42 (1st Cir 1979). If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Appellant may then request this court to remand the action so that the district court can vacate the judgment and proceed with the action accordingly. If the court denies the motion, appellant may seek to have an appeal of the denial consolidated with the pending appeal.

   Appellant's request for a stay of this appeal is <u>denied</u>. Her request for injunctive relief from this court is <u>denied</u>.

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
      Chief Deputy Clerk.