UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04- 10629 Woodlock

HEIDI K. ERICKSON
Plaintiff

VS.

MOTION TO RECUSE

DANIEL WUENSCHEL, et al.
Defendants

1. Plaintiff/Tenant/Appellant (which ever is appropriate and applies) relies upon the following: 1. attached 'Order of Court' issued on 12/30/04 by the First Circuit (Exh. 1) upon her requests for a Stay of Appeal which was filed 2. pursuant to Judge Woodlock's electronic notice failing to adjudicate her 3. FRCP 60(b) Motion/request entitled 'Reconsideration of Order on Motion for Preliminary Injunction as Per New Developments' filed on 10/26/04 (Exh. 2) wherein Judge Woodlock stated He has no jurisdiction and 4. Motion To Recuse in addition to 5. Motion For Change of Venue.

IN SUPPORT

2. The First Circuit states Judge Woodlock does in fact have jurisdiction "[Plaintiff] does not need permission from this court to seek [reconsideration] relief" citing *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979). Judge Woodlock's refusal to grant a reasonable adjudication over Plaintiff's claims as evidenced in His electronic Orders surrounding "[His] lack of jurisdiction" smacks of bias but when you combine it with the previous Orders issued on May 5th, 2004 by His Honor Woodlock a clear picture of abuse of discretion and bias prejudicial abuse surfaces that even a first grader would recognize.

3. Plaintiff relies upon the arguments raised in her filed herewith Reconsideration aks FRCP 60(b) Motion and previous Reconsiderations filed in Oct and Spring of this year and incorporates these herein.

4. Plaintiff points to her previously filed Motion To Recuse Judge Woodlock as it is clear to this Honorable Court of Judge Woodlock's "*serious concerns about the truthfulness of Plaintiff's assertions*" see Orders May 5th, 2004 and electronic Orders issued last an abuse of discretion evidencing not only misapplication of law but of bias, discrimination and capriciousness beyond repair. To do any other remedy that would not produce a Recusal and change of venue would prejudice Plaintiff maliciously, unnecessarily and irreparably.

5. Motion For Recusal of Judge Woodlock necessary and in reason while Plaintiff points to His malicious slander announced in His Orders issued on May 5th, 2004 denouncing her zealous and disabled attempts to access this court, fair and responsible adjudication Judge Woodlock libels her veracity directly labeling Plaintiff, seriously damages her case, livelihood and future adjudications (accessing

of this Federal District Court) by His Orders restricting and compromising her current cases and filing, future cases and filings and her currently safety.

6. Judge Woodlock's findings totally based on his unsupported suspicions of Plaintiff's veracity seen by Judge Woodlock in an unbenounced uncompromising manner – requires fixing. Judge Woodlock continues to abuse and ridicule Plaintiff by condemning her zealous attempts to seek justice as "vehemently malicious" it is obvious that Judge Woodlock's words are a reflection of His thoughts.

7. The requirement of 28 U.S.C. sect 455(a) under which the standard is "'whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion ... but rather in the mind of the reasonable man.'" a significant one requiring Judge Woodlock to Recuse Himself quoting *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976), cert. Denied, 430 U.S. 909 (1977). The question is "how his [Judge Woodlock's] participation looks to the average person on the street."

8. This failure to follow the rules of procedure, (FRCP rule 60(b) unquestionably known and/or should have been known by Judge Woodlock a 20 year Veteran of the Federal Bench) to the detriment of the Plaintiff and the affected non-parties, is reason enough for Recusal. See Code of Judicial Conduct Canon 3.B(2),(7). The impartiality of the Court would certainly be questioned by the "average person on the street."

9. If this Court determines that it does possess the capacity to rule fairly, this Court must nonetheless "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Code of Judicial Conduct Canon 3.E(1). This requires an "'objective appraisal,'" rather than a subjective one.

THEREFORE, Plaintiff Judge Woodlock's Recusal and that he vacate his Orders of May 5th, 2004.

RESPECTFULLY SUBMITTED BY

Heidi K. Erickson, *pro se 01/05/05*

*I attest that the information herein is true under the pains and penalties of perjury.*

*By signature herein I certify that I have caused service of this document upon Defendant's attorney of record John Egan at 800 Boylston St. Prudential Building.*